UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNE DE LACOUR, ANDREA WRIGHT, and LOREE MORAN individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COLGATE-PALMOLIVE CO., and TOM'S OF MAINE INC. <br><br> Defendants. | Civil Action No. 1:16-cv-08364 <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Anne de Lacour, Andrea Wright, and Loree Moran ("Plaintiffs"), by their attorneys, make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to allegations specifically pertaining to themselves and their counsel, which are based on personal knowledge.

## NATURE OF ACTION

1.      To capitalize on consumer demand for "natural" personal care products, Colgate-Palmolive Co. and Tom's of Maine Inc. ("Defendants") make false and misleading "natural" claims about their Tom's of Maine product line to sell Tom's products at a premium price.  Even though Defendants know that the ingredients in Tom's products are not natural, Defendants continue to make "natural" misrepresentations because Defendants also know that consumers choose Tom's over other products based on "natural" labeling statements.

2.      To differentiate Tom's products from other personal care products, Defendants make false and misleading "natural" claims on the Tom's products listed in Exhibit A attached

hereto (the "Tom's Products" or the "Products").  Each of the unnatural ingredients in the Tom's Products at issue are also listed in Exhibit A.

3.     Based on Defendants' false and misleading "natural" claims, Plaintiffs Anne de Lacour, Andrea Wright, Loree Moran, and the class members they seek to represent, bought Tom's Products at a premium price.  Because Plaintiffs and others like them were taken in by Defendants' false "natural" promises, Plaintiffs bring this class action against Defendants to seek a reimbursement of the premium Plaintiffs and the class members paid based on Defendants' misrepresentations.

4.     As a direct and proximate result of Defendants' false and misleading advertising claims and marketing practices, Plaintiffs and the members of the Classes, as defined herein, purchased Tom's Products.  Plaintiffs and members of the Classes purchased Tom's Products because they were deceived into believing that Tom's Products did not contain unnatural ingredients.  As a result, Plaintiffs and members of the Classes purchased Tom's Products and have been injured in fact because Tom's Products contain ingredients that are not natural.  Plaintiffs and the class members have suffered an ascertainable and out-of-pocket loss.  Plaintiffs and members of the Classes seek a refund and/or rescission of the transaction and all further equitable and injunctive relief as provided by applicable law.

5.     Plaintiffs seek relief in this action individually and on behalf of all persons in the United States who purchased Tom's Products on or after September 24, 2015.  Plaintiffs seek relief in this action individually and on behalf of all purchasers of the Tom's Products on or after September 24, 2015 for Defendants' breach of express warranties.  Plaintiff Wright also seeks relief in this action individually and on behalf of purchasers of the Tom's Products in California for violation of Civil Code §§ 1750, *et seq*., the California Consumer Legal Remedies Act ("CLRA"), Bus. & Prof. Code §§ 17200, *et seq*., California's Unfair Competition Law ("UCL"),

and Bus. & Prof. Code §§ 17500, *et seq*., California's False Advertising Law ("FAL").   Plaintiff de Lacour also seeks relief in this action individually and on behalf of purchasers of the Tom's Products in Florida for violation of Florida's Deceptive and Unfair Trade Practices Act "FDUTPA," Fla. Stat. §§ 501.201 *et seq.*  Plaintiff Moran also seeks relief in this action individually and on behalf of purchasers of the Tom's Products in New York for violations of New York Gen. Bus. Law § 349, and New York Gen. Bus. Law § 350.

## THE PARTIES

6.     Plaintiff Anne de Lacour, is, and at all times relevant to this action has been, a resident of Ft. Lauderdale, Florida.  Ms. de Lacour regularly purchased Tom's of Maine brand deodorants at Whole Foods Market in Ft. Lauderdale, Florida.  While shopping, Ms. de Lacour was specifically interested in purchasing a natural deodorant.  Ms. de Lacour purchased Tom's Products based on claims on the Products' labels that the Products were "natural."  By reading the representations on the product labels, she understood that she was purchasing natural deodorants.  She would not have purchased Tom's Products if the labels had not stated the Products were "natural."  She would not have purchased Tom's Products if she had know the Products contained ingredients that were not in fact natural.  In purchasing Tom's Products, Ms. de Lacour paid a price premium over and above other deodorants that did not purport to be natural.

7.     Plaintiff Andrea Wright, is, and at all times relevant to this action has been, a resident of La Quinta, California.  Ms. Wright regularly purchased Tom's of Maine brand deodorants at Target and Trader Joe's in and near La Quinta, California. Ms. Wright purchased Tom's Products based on claims on the Products' labels that the Products were "natural."  By reading the representations on the product labels, Ms. Wright understood that she was purchasing natural deodorants.  She would not have purchased Tom's Products if the labels had not stated the Products were "natural."     She would not have purchased Tom's Products if the labels had not

3

stated the Products were "natural."  She would not have purchased Tom's Products if she had know the Products contained ingredients that were not in fact natural.  In purchasing Tom's Products, Ms. Wright paid a price premium over and above other deodorants that did not purport to be natural.

8.      Plaintiff Loree Moran, is, and at all times relevant to this action has been, a resident of East Rockaway, New York.  Ms. Moran regularly purchased Tom's of Maine brand deodorants at Trader Joe's in Oceanside, NY.  While shopping, Ms. Moran was specifically interested in purchasing a natural deodorant.  Ms. Moran purchased Tom's Products based on claims on the Products' labels that the Products were "natural."  By reading the representations on the product labels, she understood that she was purchasing natural deodorants.  She would not have purchased Tom's Products if the labels had not stated the Products were "natural."  She would not have purchased Tom's Products if she had know the Products contained ingredients that were not in fact natural.  In purchasing Tom's Products, Ms. Moran paid a price premium over and above other deodorants that did not purport to be natural.

9.      Defendant Colgate Palmolive Co. is a Delaware corporation with its principal place of business at 300 Park Avenue, New York, New York 10022.  Colgate Palmolive Co. is engaged in the business of manufacturing, mass marketing, and distributing the Tom's Products throughout the United States.

10.     Defendant Tom's of Maine Inc. is a subsidiary of Defendant Colgate Palmolive Co.  Defendant Colgate Palmolive Co. purchased the majority of Tom's of Maine in 2006 for $100 million.  Defendant Colgate Palmolive Co. currently owns 84% of Tom's.  Defendant Tom's maintains its principal place of business in Kennebunk, Maine.  In combination with Defendant Colgate Palmolive Co., Defendant Tom's sold and marketed the Products to consumers.

4

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class Members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from at least one Defendant.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant Colgate Palmolive Co. is headquartered in this District and does business throughout this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### A.     Defendants' False and Misleading Labels and Advertising

13.     Defendants' labeling and advertising of Tom's of Maine personal care Products puts forth a straightforward, material message – that the Products are natural. This core representation regarding the Products is false and misleading, because the Products in fact contain ingredients that are synthetic and highly chemically processed.

14.     The primary focus of Defendants' Tom's of Maine product line is the claim that the Products are "natural," and are therefore better than non-natural products. Defendants plaster the Product labels themselves and the Tom's of Maine website with claims related to the "natural" nature of the Products. Defendants do so in an effort to capitalize on the growing market for natural products. Consumers are willing to pay a price premium for products labeled and advertised as natural.

15.     As shown below, Defendants' toothpaste packaging and labeling contains prominent representations regarding the "natural" nature of the Products:




16.     Because Defendants' toothpaste Products contain synthetic and highly chemically processed ingredients such as sodium lauryl sulfate, potassium nitrate, xylitol, sorbitol, glycerin, xanthan gum, and sodium cocoyl glutamate, Defendants' toothpaste labeling and packaging is false and misleading.

17.     As shown below, Defendants' deodorant labels also contain representations regarding the "natural" nature of the products:







18.     Because Defendants' deodorant Products contain synthetic and highly chemically processed ingredients such as aluminum chlorohydrate, propylene glycol, ascorbic acid, glycerin, and xanthan gum, Defendants' deodorant labeling is false and misleading.

19.      Defendants' other personal care products, including mouthwash, body wash, soaps, and body lotions are similarly labeled with prominent representations regarding the "natural" nature of the Products:



20.      Because Defendants' mouthwashes, body washes, soaps, and body lotions contain synthetic and highly chemically processed ingredients such as sodium gluconate, propanediol, xylitol, sodium hydroxide, glycerin, and xanthan gum, Defendants' labeling of these Products is false and misleading.

21.     Defendants maintain a website, located at www.tomsofmaine.com, where they tout the "natural" nature of their Products.  For example, the homepage states "What's Inside? Explore the role of natural ingredients in our products."   On the product information page, Defendants identify and advertise their entire line of products as "Natural Personal Care Products."   The website also includes and page titled "Ingredients," where Defendants display photos of florals and tree bark, while highlighting only the truly natural ingredients that are included in some of their Products (with no mention of the synthetic, chemically processed ingredients).

22.     Like Defendants' labeling and packaging, the Tom's of Maine website conveys the false and misleading message that Tom's Products are natural.

**B.     Tom's Products Contain Ingredients That Are Not Natural**

23.     Defendants' representations that their Products are "natural" are false and misleading because each of the Products contains at least one, and in most instances, several, ingredients that are synthetic or highly chemically processed.

24.     The term "natural" means "existing in nature and not made or caused by people; coming from nature" or "not having any extra substances or chemicals added; not containing anything artificial."[1]  Industry and regulatory definitions of natural are also instructive in defining a reasonable consumer standard.  For example, the National Advertising Division of the Better Business Bureau has found that a "natural" ingredient does not include one that, while "literally sourced in nature (as is every chemical substance),…is, nevertheless subjected to extensive processing before metamorphosing into the "ingredient that is included in the final product.  *Tom's of Maine* (*Tom's of Maine Natural Mouthwash*), Report #3470, NAD/CARU Case Reports 4 (June 1998).

---

[1] http://www.merriam-webster.com/dictionary/natural

25.     The United States Food and Drug Administration ("FDA") has also issued guidance on the term "natural" in the context of food, "as meaning that nothing artificial or synthetic (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in the food."  *Food Labeling*; 58 Fed. Reg. 2302.

26.     The United States Department of Agriculture ("USDA") has issued a Food Standard and Labeling Policy Book (Aug. 2005), which states that the term "natural" may be used on labeling for products that contain processed ingredients only where such ingredients are subjected to "minimal" processing.  The policy recognizes that "[r]elatively severe processes, e.g., solvent extraction, acid hydrolysis, and chemical bleaching would clearly be considered more than minimal processing."  Office of Policy, Program & Employee Dev., Food Safety & Inspection Services, U.S. Dept. of Agriculture, *Food Standards and Labeling Policy Book* (2005).[2]  The USDA also defines "nonsynthetic (natural)" as a "substance that is derived from mineral, plant, or animal matter and does not undergo a synthetic process…" 7 C.F.R. § 205.2. In contrast, the USDA defines "synthetic" as "a substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from a naturally occurring plant, animal, or mineral…"  7 U.S.C. § 6502 (21).

27.     Defendants' Products contain the following unnatural ingredients:

   a.  ***Aluminum Chlorohydrate.***  Aluminum chlorohydrate is manufactured by treating aluminum with hydrochloric acid, thereby changing its chemical composition.

   b.  ***Ascorbic Acid.***  Ascorbic acid is a preservative that, according to FDA regulations, is a synthetic substance.  7 C.F.R. 205.605(b).  Plaintiffs also allege, upon information and belief, that the ascorbic acid Defendants use in their deodorant

---

[2] http://www.fsis.usda.gov/OPPDE/larc/Policies/Labeling_Policy_Book_082005.pdf

Products is derived from genetically modified corn using genetically modified bacteria.

c. **Glycerin.** Glycerin is an emollient that, according to the FDA, is a synthetic substance. 7 C.F.R. 205.603(a)(12). The glycerin used in Defendants' soap Products is not "natural" but instead manufactured through saponification, whereby fat molecules in vegetable oil are chemically altered using sodium hydroxide, a highly toxic chemical.

d. **Potassium Nitrate.** Potassium nitrate is a preservative and oxidizer, produced by creating a reaction between sodium nitrate and potassium chloride. Potassium Nitrate is not "natural," it is a synthetic, man-made ingredient.

e. **Propanediol.** Propanediol is a stabilizer that is manufactured by fermenting corn sugar using genetically modified bacteria. Upon information and belief, Plaintiffs allege that the corn sugar itself is derived from genetically modified corn. GMOs are not "natural," but instead are synthetic, man-made organisms.

f. **Propylene Glycol.** Propylene glycol is a stabilizer that is manufactured from petroleum through a complex, multi-step process that changes the substance's chemical composition and involves the use of toxic chemicals. Propylene glycol is not "natural," it is a synthetic, man-made ingredient.

g. **Sodium Cocoyl Glutamate.** Sodium cocoyl glutamate is a chemically processed surfactant, made from coconut and palm oil. The process of producing sodium cocoyl glutamate begins with coconut oil, but involves an extraction process, followed by extensive processing and forced reactions with synthetic chemicals until a foam boosting chemical surfactant is produced.

h. **Sodium Gluconate.** Sodium gluconate is a preservative. Upon information and belief, Plaintiffs allege that the sodium gluconate used in Defendants' soap Products is derived from genetically modified corn. GMOs are not "natural," they are synthetic, man-made organisms.

i.  ***Sodium Hydroxide.***  Sodium hydroxide, commonly known as lye, is used to reduce the acidity of a product.  Sodium hydroxide is not "natural," but instead is manufactured by breaking down saltwater into sodium, chlorine, hydrogen, and hydroxide ions through electrolysis, and then recombining the sodium and hydroxide ions to form sodium hydroxide.

j.  ***Sodium Lauryl Sulfate.***  Sodium lauryl sulfate (SLS) is a highly chemically-processed surfactant, detergent, and emulsifier sourced from fatty acids that are extracted from coconut or palm oil, which are then chemically converted into esters and hydrogenated through the addition of chemicals to produce fatty alcohol.  The fatty alcohol is then sulfated and neutralized through further chemical processing to yield the final ingredient.

k.  ***Sodium Stearate.***  Sodium stearate is a thickening agent that, like glycerin, is manufactured through the process known as saponification, which involves the chemical alteration of fat molecules.

l.  ***Xanthan Gum.***  Xanthan gum is a thickening agent that, according the FDA regulations, is a synthetic substance.  7 C.F.R. 205.605(b).  Xanthan gum is not "natural" but is instead manufactured through fermentation or carbohydrates and subsequent treatment of the byproduct with isopropyl alcohol.

m. ***Xylitol and Sorbitol.***  Xylitol and sorbitol are sweeteners derived from the crushed fibers of sugar cane using a multi-step chemical reaction that involves the use of sulfuric acid, calcium oxide, phosphoric acid and active charcoal.

28.  No reasonable definition of "natural" includes ingredients that, even if sourced from "nature," are subjected to extensive, transformative chemical processing before their inclusion in a product.  Given that Defendants' Products include numerous synthetic, highly

processed, and otherwise unnatural ingredients, as detailed above, Defendants' labels and

packaging are false and misleading.[3]

## C.   The National Advertising Division Concluded That Defendants Misled Consumers by Claiming That Naturally Dry Deodorant Is Natural

29.   Recently, after investigating the issue, the National Advertising Division of the

Council of Better Business Bureaus ("NAD") recommended that Defendants cease calling its

deodorant "Naturally Dry," as well as discontinue claims that the product contains "natural

powder" and that the stick "really works.  Naturally."[4]

30.   NAD noted that the active ingredient in "Naturally Dry" deodorant, aluminum

chlorohydrate, is not natural.   NAD was not persuaded that listing ingredients on product

packaging and directing consumers to the Tom's of Maine webpage for its definition of "natural"

cured the misimpression created by calling the Tom's of Maine antiperspirant products

"naturally dry."  NAD concluded that "naturally dry," conveys an express message that "natural"

ingredients are responsible for the dryness provided by the deodorant, a message that is not

supported.[5]

31.   During the NAD's review, Colgate advised NAD that it was modifying its

packaging to add the claim "contains recycled aluminum," on the cap of each product and argued

that the modification informed consumers that the product's active ingredient was aluminum.

NAD found the modification did not eliminate consumer confusion.[6]

---

[3] Exhibit A to this Complaint includes detailed information regarding the specific unnatural ingredients included in each Tom's Product.

[4] https://www.truthinadvertising.org/toms-maines-naturally-dry-deodorant/ (September 21, 2016)

[5] http://www.asrcreviews.org/nad-recommends-colgate-palmolive-discontinue-natural-naturally-claims-for-toms-of-maine-naturally-dry-antiperspirant-advertiser-appeals/ (September 20, 2016)

[6] *Id.*

32.     In response Defendants argued that the "natural" claims at issue have already been resolved by a settlement that released consumer claims based on "natural" labeling statements up to September 23, 2015.  But NAD maintained that it had authority to investigate and make recommendations as to the challenged advertising because the settlement did not require changes to the challenged advertising.  Defendants continued to make false "natural" claims after September 23, 2015, and are still making false and misleading "natural" claims.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who, purchased Tom's Products on or after September 24, 2015.

34.     Plaintiff Wright also seeks to represent a subclass defined as all members of the Class who purchased Tom's Products in California ("the California Subclass").

35.     Plaintiff de Lacour also seeks to represent a subclass defined as all members of the Class who purchased Tom's Products in Florida ("the Florida Subclass").

36.     Plaintiff Moran also seeks to represent a subclass defined as all members of the Class who purchased Tom's Products in New York ("the New York Subclass").

37.     Excluded from the Classes are the Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which either Defendants have or had a controlling interest.

38.     Also excluded from the Classes are persons or entities that purchased Tom's Products for purposes of resale.

39.     Plaintiffs are members of the Classes they seek to represent.

40.     The Classes are so numerous that joinder of all members is impractical.  Although Plaintiff does not yet know the exact size of the Classes, the Tom's Products are sold in major retail stores across the United States, including stores such as CVS, Target, Walgreens, Whole Foods Market, and Trader Joes.  Upon information and belief, the Class includes more than one million members.

41.     The Classes are ascertainable because the Class Members can be identified by objective criteria – the purchase of the Tom's Products during the Class Period.  Individual notice can be provided to Class Members "who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

42.     There are numerous questions of law and fact common to the Class which predominate over any individual actions or issues, including but not limited to:

   1.     Whether Defendants breached an express warranty made to Plaintiffs and the Class;

   2.     Whether Defendants' marketing of the Tom's Products is false, misleading, and/or deceptive;

   3.     Whether Defendants' marketing of the Tom's Products is an unfair business practice;

   4.     Whether Tom's Products contain ingredients that are not natural;

   5.     Whether Defendants violated the CLRA;

   6.     Whether Defendants violated the UCL;

   7.     Whether Defendants violated the FAL;

   8.     Whether Defendants violated the FDUTPA;

   9.     Whether Defendants violated the GBL;

   10.    Whether Class Members suffered an ascertainable loss as a result of Defendants' misrepresentations; and

11.     Whether, as a result of Defendants' misconduct as alleged herein, Plaintiffs and the Class Members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

43.     Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct.  Plaintiffs have no interests antagonistic to the interests of the other members of the Class.  Plaintiffs and all members of the Class have sustained economic injury arising out of Defendants' violations of common and statutory law as alleged herein.

44.     Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class Members they seek to represent, they have retained counsel competent and experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of the Class Members will be fairly and adequately protected by Plaintiffs and their counsel.

45.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and the Class Members.  Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims are consistently adjudicated.

16

## COUNT I
### (Breach of Express Warranty)

46.     Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

47.     Plaintiffs bring this Count individually and on behalf of the members of the Class.

48.     In connection with the sale of the Tom's Products, Defendants issued express warranties including that the Tom's Products were natural.

49.     Defendants' affirmations of fact and promises made to Plaintiffs and the Class on Tom's labels, became part of the basis of the bargain between Defendants on the one hand, and Plaintiffs and the Class Members on the other, thereby creating express warranties that the Tom's Products would conform to Defendants' affirmations of fact, representations, promises, and descriptions.

50.     Defendants breached their express warranties because the Tom's Products contain ingredients that are not natural.  In short, the Tom's Products are not as expressly warranted.

51.     Plaintiffs and the Class Members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased the Tom's Products if they had known the true facts; (b) they paid for the Tom's Products due to the mislabeling; and (c) the Tom's Products did not have the quality, or value as promised.  As a result, Plaintiffs and the Class have been damaged by the difference in value between the Tom's Products as advertised and the Tom's Products as actually sold.

## COUNT II
### (California's Consumer Legal Remedies Act "CLRA", Cal. Civil Code §§ 1750, *et. seq.*)

52.     Plaintiff Wright brings this Count individually and on behalf of the members of the California Subclass.

53.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

54.     Plaintiff and the California Class Members are consumers who purchased the Tom's Products for personal, family, or household purposes.  Accordingly, Plaintiff and the California Class Members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).  Plaintiff and the California Class Members are not sophisticated experts with independent knowledge of the formulation of or ingredients in the Tom's Products.

55.     At all relevant times, the Tom's Products constituted "good[s]" as that term is defined in Cal. Civ. Code § 1761(a).

56.     At all relevant times, Defendants were "person(s)" as that term is defined in Civ. Code § 1761(c).

57.     At all relevant times, Plaintiff's purchase of the Tom's Products, and the purchases of the Tom's Products by other Class Members, constituted  "transactions" as that term is defined in Cal. Civ. Code § 1761(e).  Defendants' actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of the Tom's Products to consumers.

58.     The policies, acts, and practices described in this Complaint were intended to and did result in the sale of the Tom's Products to Plaintiff and the Class.  Defendants' practices, acts, policies, and course of conduct violated the CLRA §1750 *et seq.* as described above.

59.     Defendants represented that the Tom's Products had sponsorship, approval, characteristics, uses, and benefits which they did not have in violation of Cal. Civ. Code § 1770(a)(5).

60.     Defendants represented that the Tom's Products were of a particular standard, quality, and grade, when they were another, in violation of California Civil Code § 1770(a)(7).

18

61.    Defendants violated California Civil Code §§ 1770(a)(5) and (a)(7) by representing that the Tom's Products were natural when, in fact, the Tom's Products contain ingredients that are not natural.

62.    Defendants represented that the Tom's Products were of a particular standard or quality when Defendants were aware that they were of another in violation of § 1770(a)(7) of the CLRA.  Defendants represented that the Tom's Products were natural when the Tom's Products contain ingredients that are not natural.

63.    Defendants advertised the Tom's Products with the intent not to sell them as advertised in violation of § 1770(a)(9) of the CLRA.  Defendants did not intend to sell the Tom's Products as advertised because Defendants knew that the Tom's Products contained ingredients that were not natural.

64.    A CLRA notice letter was served on Defendants which complies in all respects with California Civil Code § 1782(a).  A true and correct copy of Plaintiff's letter is attached as Exhibit B.  In October 2016, Plaintiff Wright sent Defendants a letter via certified mail, return receipt requested, advising Defendants that they are in violation of the CLRA and must correct, repair, replace, or otherwise rectify the goods alleged to be in violation of § 1770.  Defendants were further advised that in the event that the relief requested had not been provided within thirty days, Plaintiff would bring an action for damages pursuant to the CLRA.

65.    Plaintiff and the California Class Members suffered injuries caused by Defendants' misrepresentations because: (a) Plaintiff and the Class Members would not have purchased the Tom's Products if they had known the true facts; (b) Plaintiff and the Class paid an increased price for the Tom's Products due to the mislabeling of the Tom's Products; and (c) the Tom's Products did not have the level of quality, or value as promised.

66.     Wherefore, Plaintiff seeks damages, restitution, and injunctive relief for this violation of the CLRA.

### COUNT III
**(False Advertising Law "FAL," Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

67.     Plaintiff Wright brings this Count individually and on behalf of the California Subclass.

68.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

69.     California's FAL (Bus. & Prof. Code §§17500, *et seq.*) makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

70.     Throughout the Class Period, Defendants committed acts of false advertising, as defined by the FAL, by using false and misleading statements to promote the sale of the Tom's Products, as described above, and including, but not limited to, representing that the Tom's Products were natural.

71.     Defendants knew or should have known, through the exercise of reasonable care, that its statements were untrue and misleading.

72.     Defendants' actions in violation of the FAL were false and misleading such that the general public is and was likely to be deceived.

73.     As a direct and proximate result of these acts, consumers have been and are being harmed.  Plaintiff and members of the Class have suffered injury and actual out-of-pocket losses

as a result of Defendants' FAL violation because: (a) Plaintiff and the Class would not have

purchased the Tom's Products if they had known the true facts regarding the effectiveness of the

Tom's Products; (b) Plaintiff and the Class paid an increased price due to the misrepresentations

about the Tom's Products; and (c) the Tom's Products did not have the promised quality,

effectiveness, or value.

74.    Plaintiff brings this action pursuant to Bus. & Prof. Code § 17535 for injunctive

relief to enjoin the practices described herein and to require Defendants to issue corrective

disclosures to consumers.  Plaintiff and the California Class are therefore entitled to: (a) an order

requiring Defendants to cease the acts of unfair competition alleged herein; (b) full restitution of

all monies paid to Defendants as a result of their deceptive practices; (c) interest at the highest

rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to,

inter alia, California Code of Civil Procedure §1021.5.

### COUNT IV
### (The "Unlawful Prong" of California's Unfair Competition Law "UCL," Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

75.    Plaintiff Wright brings this Count on behalf of the California Subclass.

76.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set

forth herein.

77.    The UCL, Bus. & Prof. Code § 17200 *et seq.*, provides, in pertinent part: "Unfair

competition shall mean and include unlawful, unfair or fraudulent business practices and unfair,

deceptive, untrue or misleading advertising …."  The UCL also provides for injunctive relief and

restitution for UCL violations.

78.    By proscribing any unlawful business practice, section 17200 borrows violations

of other laws and treats them as unlawful practices that the UCL makes independently

actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (citations and internal quotation marks omitted).

79.     Virtually any law or regulation – federal or state, statutory, or common law – can serve as a predicate for an UCL "unlawful" violation.  *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1383 (2012).

80.     Defendants violated the "unlawful prong" by violating the CLRA, the FAL, and the FDUPTA as well as by breaching express warranties as described herein.

81.     As a direct and proximate result of these acts, consumers have been and are being harmed.  Plaintiff and members of the Class have suffered injury and actual out-of-pocket losses as a result of Defendants' UCL "unlawful prong" violation because: (a) Plaintiff and the Class would not have purchased the Tom's Products if they had known the true facts regarding the contents of the Tom's Products; (b) Plaintiff and the Class paid an increased price due to the misrepresentations about the Tom's Products; and (c) the Tom's Products did not have the promised quality, or value.

82.     Pursuant to Bus. & Prof. Code §17203, Plaintiff and the California Class are therefore entitled to: (a) an order requiring Defendants to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendants as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, inter alia, California Code of Civil Procedure §1021.5.

### COUNT V
**(The "Fraudulent Prong" of California's Unfair Competition Law "UCL,"
Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

83.     Plaintiff Wright brings this Count individually and on behalf of the California Subclass.

84.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

85.     The UCL, Bus. & Prof. Code § 17200 *et seq.*, provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

86.     Defendants' conduct, described herein, violated the "fraudulent" prong of the UCL because Defendants represented that the Tom's Products were natural when, in fact, the Tom's Products contain ingredients that are not natural.  As described above, Defendants misrepresented that the Products were natural.

87.     Plaintiff and the California Class Members are not sophisticated experts with independent knowledge of the formulation or ingredients of the Tom's Products, and they acted reasonably when they purchased the Tom's Products based on their belief that Defendants' representations were true.

88.     Defendants knew or should have known, through the exercise of reasonable care, that their representations about the Tom's Products were untrue and misleading.

89.     As a direct and proximate result of these acts, consumers have been and are being harmed.  Plaintiff and members of the Class have suffered injury and actual out-of-pocket losses as a result of Defendants' UCL "fraudulent prong" violation because: (a) Plaintiff and the Class would not have purchased the Tom's Products if they had known the true facts regarding the contents of the Tom's Products; (b) Plaintiff and the Class paid an increased price due to the misrepresentations about the Tom's Products; and (c) the Tom's Products did not have the promised quality, or value.

90.     Pursuant to Bus. & Prof. Code §17203, Plaintiff and the California Class are therefore entitled to: (a) an order requiring Defendants to cease the acts of unfair competition

alleged herein; (b) full restitution of all monies paid to Defendants as a result of their deceptive

practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's

attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure §1021.5.

<u>**COUNT VI**</u>
**(The "Unfair Prong" of California's Unfair Competition Law "UCL,"**
**Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

91.     Plaintiff Wright brings this Count individually and on behalf of the California

Subclass.

92.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set

forth herein.

93.     The UCL, Bus. & Prof. Code § 17200 *et seq.*, provides, in pertinent part: "Unfair

competition shall mean and include unlawful, unfair or fraudulent business practices and unfair,

deceptive, untrue or misleading advertising …."

94.     Defendants' misrepresentations and other conduct, described herein, violated the

"unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends

public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the

conduct outweighs any alleged benefits.  Defendants' conduct is unfair in that the harm to

Plaintiff and the Class arising from Defendants' conduct outweighs the utility, if any, of those

practices.

95.     Defendants' practices as described herein are of no benefit to consumers who are

tricked into believing that the Tom's Products are natural.  Defendants' practice of injecting

misinformation into the marketplace about ingredients that are and are not natural is of no benefit

to consumers.  Consumers trust companies like Defendants, which focus their entire Tom's

product line on the purported naturalness of Tom's products, to provide accurate information

about "natural" ingredients.  Taking advantage of that trust, Defendants misrepresent the

ingredients in the Tom's Products to sell more personal care products at a higher price and to differentiate the Tom's Products from other personal care products.  Consumers believe that Defendants are an authority on "natural" ingredients and therefore believe Defendants' "natural" representations.

96.     As a direct and proximate result of these acts, consumers have been and are being harmed.  Plaintiff and members of the Class have suffered injury and actual out-of-pocket losses as a result of Defendants' UCL "unfair prong" violation because: (a) Plaintiff and the Class would not have purchased the Tom's Products if they had known the true facts regarding the contents of the Tom's Products; (b) Plaintiff and the Class paid an increased price due to the misrepresentations about the Tom's Products; and (c) the Tom's Products did not have the promised quality, or value.

97.     Pursuant to Bus. & Prof. Code §17203, Plaintiff, and the California Class are therefore entitled to: (a) an order requiring Defendants to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendants as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure §1021.5.

## COUNT VII
### (Florida's Deceptive and Unfair Trade Practices Act "FDUTPA," Fla. Stat. §§ 501.201 *et seq.*)

98.     Plaintiff de Lacour brings this Count individually and on behalf of the Florida Subclass.

99.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

100.     Defendants violated Florida's Deceptive and Unfair Trade Practices Act by engaging in unfair methods of competition, unconscionable acts and practices, and unfair and

deceptive acts and practices in the conduct of their business. "Deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003).

101.     FDUTPA is, "a consumer protection law intended to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the course of any trade or commerce." *Tuckish v. Pompano Motor Co.*, 337 F. Supp. 2d 1313, 1319 (S.D. Fla. 2004); FLA. STAT. § 501.202.  In the interests of consumer protection, FDUTPA should be "liberally construed." *Samuels v. King Motor Co.*, 782 So. 2d 489, 499 (Fla. 4th DCA 2001).

102.     Plaintiff de Lacour and the Florida Class Members are consumers as defined by Fla. Stat. § 501.203.  The Products are goods within the meaning of the Act.  Defendants are engaged in trade or commerce within the meaning of the Act.

103.     The material misrepresentations and omissions alleged herein constitute deceptive and unfair trade practices, in that they were intended to and did deceive Plaintiff de Lacour and the general public, into believing that the Tom's Products were natural when, in fact, the Products contain ingredients that are not natural.

104.     Additionally, Defendants seek to differentiate themselves from other personal care products by basing the Tom's Product line on "natural" claims.  This is a deceptive act and an unfair practice because Defendants know that the Tom's Products contain ingredients that are not natural.

105.     The advertising and labeling discussed in detail above is likely to, and does, mislead reasonable consumers.

106.    Unlike common law fraud, subjective evidence of reliance on the part of each putative Class member is not required under FDUPTA.  *See Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. 1st DCA 2000); *Nelson v. Mead Johnson Nutrition Co.*, 270 F.R.D. 689, 692 (S.D. Fla. 2010).  Thus, "the question is not whether the plaintiff actually relied on the alleged deceptive trade practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstance." *Davis*, 776 So. 2d at 974.  Nevertheless, Plaintiff de Lacour and the Florida Class Members relied on Defendants' statements, believing that the Tom's Products did not contain ingredients that were not natural.

107.    Had Plaintiff de Lacour and the Florida Subclass members known that the Tom's Products contained ingredients that were not natural, they would not have purchased the Tom's Products or would not have purchased the Tom's Products on the same terms.

108.    As a result of Defendants' deceptive and unfair acts, Plaintiff de Lacour and the Florida Subclass members have been damaged in the amount of the purchase price of the Tom's Products or the difference between the premium price paid for the Tom's Products and the price they would have paid had they known that the Tom's Products did not have the qualities as advertised.

109.    Defendants' conduct offends established public policy and is substantially injurious to consumers.  Defendants' practices as described herein are of no benefit to consumers who are tricked into believing that the Tom's Products are natural.  Defendants' practice of injecting misinformation into the marketplace about ingredients that are and are not natural is of no benefit to consumers.  Consumers trust companies like Defendants, which focus their entire Tom's product line on the purported naturalness of Tom's products, to provide accurate information about "natural" ingredients.  Taking advantage of that trust, Defendants misrepresent the ingredients in the Tom's Products to sell more personal care products at a higher price and to differentiate the

Tom's Products from other personal care products.  Consumers believe that Defendants are an authority on "natural" ingredients and therefore believe Defendants' "natural" representations.

110.    Plaintiff de Lacour and the Florida Subclass members are entitled to damages in an amount to be proven at trial, but not less than either the purchase price of the Tom's Products or the difference between the premium price paid for the Tom's Products and the price they would have paid had they known that the Tom's Products were not as advertised.  The price Plaintiff and the Florida Subclass members would have paid is no more than the market value of the Tom's Products, had Plaintiff and the Florida Subclass members known that the Tom's Products do not perform as advertised.  The damages suffered by Plaintiff and the Florida Class Members were directly and proximately caused by the deceptive, misleading, and unfair practices of Defendants, as described herein.

111.    Pursuant to Fla. Stat. § 501.211(1), Plaintiff and the Class seek a declaratory judgment and court order enjoining the above-described wrongful acts and practices of Defendants, as well as for restitution and disgorgement.

112.    Defendants should also be ordered to cease their deceptive advertising, and should be made to engage in a corrective advertising campaign, to inform consumers that the Tom's Products contain ingredients that are not natural.  Defendants are engaged in trade or commerce within the meaning of the Act.

113.    Additionally, pursuant to Fla. Stat. §§ 501.211(2), and 501.2105, Plaintiff and the Florida Class make claims for damages, attorneys' fees, and costs.

## COUNT VIII
### (Deceptive Acts or Practices, New York Gen. Bus. Law. § 349)

114.    Plaintiff Moran brings this Count individually and on behalf of the members of the New York Subclass.

115.   Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

116.   By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices.  These acts and conduct include Defendants' misrepresentations that the Tom's Products were natural, when, in fact, the Products contain ingredients that are not natural. Additionally, Defendants seek to differentiate themselves from other personal care products by basing the Tom's Product line on "natural" claims.  This is a deceptive act and an unfair practice because Defendants know that the Tom's Products contain ingredients that are not natural.

117.   The foregoing deceptive acts and practices where directed at consumers.

118.   The foregoing deceptive acts and practice are misleading in a material way because they fundamentally misrepresent the characteristics and benefits of Tom's Products to induce consumers to purchase Tom's Products.

119.   Plaintiff Moran and members of the New York Subclass were injured because: (a) they would not have purchased Tom's Products had they known that the Products were not natural; (b) they overpaid for the Tom's Products because they are sold at a price premium when compared to similar products that do not contain these misrepresentations; and (c) the Tom's Products did not have the characteristics and benefits promised.  As a result, Plaintiff Moran and the New York Subclass were damaged by the difference in value between Tom's Products as advertised and the Tom's Products as actually sold.

120.   As a result of Defendants' false, misleading, and deceptive statements and representations of fact, including but not limited to the misrepresentations described herein, Plaintiff Moran and members of the New York Subclass have suffered and continue to suffer economic injury.

121.    Plaintiff Moran and members of the New York Subclass suffered an ascertainable loss caused by Defendants' misrepresentations equal to the price premium.

122.    On behalf of herself and other members of the New York Subclass, Plaintiff Moran seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT IX
### (False Advertising, New York Gen. Bus. Law. § 350)

123.    Plaintiff Moran brings this Count individually and on behalf of the members of the New York Subclass.

124.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

125.    By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices.  These acts and conduct include Defendants' misrepresentations that the Tom's Products were natural, when, in fact, the Products contain ingredients that are not natural. Additionally, Defendants seek to differentiate themselves from other personal care products by basing the Tom's Product line on "natural" claims.  This is a deceptive act and an unfair practice because Defendants know that the Tom's Products contain ingredients that are not natural.

126.    Based on the foregoing, Defendants have engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law.

127.    Defendants' false, misleading, and deceptive statements and representations of fact, including but not limited to the misrepresentations and omissions described herein, were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

128.    Defendants' false, misleading, and deceptive statements and representations of fact, including but not limited to the misrepresentations described herein, have resulted in consumer injury or harm to the public interest.

129.    Plaintiff Moran and members of the New York Subclass were injured because: (a) they would not have purchased Tom's Products had they known that the Products were not natural; (b) they overpaid for the Tom's Products because they are sold at a price premium when compared to similar products that do not contain these misrepresentations; and (c) the Tom's Products did not have the characteristics and benefits promised.  As a result, Plaintiff Moran and the New York Subclass were damaged by the difference in value between Tom's Products as advertised and the Tom's Products as actually sold.

130.    As a result of Defendants' false, misleading, and deceptive statements and representations of act, including but not limited to the misrepresentations described herein, Plaintiff Moran and members of the New York Subclass have suffered and continue to suffer economic injury.

131.    Plaintiff Moran and members of the New York Subclass suffered an ascertainable loss caused by Defendants' misrepresentations equal to the price premium.

132.    On behalf of herself and other members of the New York Subclass, Plaintiff Moran seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiffs pray for relief and judgment, as follows:

A.    For an order certifying the Class and the California, Florida, and New York Subclasses;

31

B.      For an order declaring that the Defendants' conduct violates the statutes referenced herein;

C.      Awarding compensatory, statutory, and punitive damages in favor of Plaintiffs, members of the Class, the California Subclass, the Florida Subclass, and the New York Subclass against Defendants for all damages sustained as a result of the Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

D.       Awarding injunctive relief against Defendants to prevent Defendants from continuing their ongoing unfair, unconscionable, and/or deceptive acts and practices;

E.      For an order of restitution and/or disgorgement and all other forms of equitable monetary relief;

F.      Awarding Plaintiffs and members the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

G.      Awarding such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable in this action.


Dated:  December 9, 2016                    Respectfully submitted,


                                            **BURSOR & FISHER, P.A.**


                                            By:_____/s/ Joshua D. Arisohn_____
                                                    Joshua D. Arisohn
                                            Scott A. Bursor
                                            Joshua D. Arisohn
                                            Philip L. Fraietta
                                            888 Seventh Avenue
                                            New York, NY 10019
                                            Telephone: (646) 837-7150
                                            Facsimile:  (212) 989-9163
                                            E-Mail:  scott@bursor.com

32

jarisohn@bursor.com
pfraietta@bursor.com

*Counsel for Plaintiffs*

# EXHIBIT A

**Tom's of Maine Product Listing**

| DESCRIPTION | UNIT SIZE | UPC CODE | UNNATURAL INGREDIENT(S) |
|---|---|---|---|
| **TOOTHPASTE** | | | |
| **Whole Care Pastes & Gels** | | | |
| Cinnamon Clove Whole Care Paste | 4.7 oz | 0-77326-83073-4 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Peppermint Whole Care Paste | 4.7 oz | 0-77326-83081-9 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Spearmint Whole Care Paste | 4.7 oz | 0-77326-83088-8 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Wintermint Whole Care Paste | 4.7 oz | 0-77326-83091-8 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Orange Mango Whole Care Gel | 4.7 oz | 0-77326-83076-5 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan Gum |
| Peppermint Whole Care Gel | 4.7 oz | 0-77326-83080-2 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan Gum |
| Spearmint Whole Care Gel | 4.7 oz | 0-77326-11906-8 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan Gum |
| | | | |
| **Cavity Protection** | | | |
| Peppermint Baking Soda Cavity Protection | 5.5 oz | 0-77326-83077-2 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Spearmint Cavity Protection | 5.5 oz | 0-77326-83083-3 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| | | | |
| **Simply White** | | | |
| Clean Mint Simply White Paste | 4.7 oz | 0-77326-14806-8 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan Gum |
| Sweet Mint Simply White Gel | 4.7 oz | 0-77326-14906-5 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan Gum |
| | | | |
| **Wicked Cool!** | | | |
| Wicked Cool Mild Mint | 4.2 oz | 0-77326-83262-2 | Sodium Lauryl Sulfate, Glycerin |
| Wicked Cool! Fluoride Free Mild Mint | 4.2 oz | 0-77326-83261-5 | Sodium Lauryl Sulfate, Glycerin |
| | | | |
| **Children's** | | | |
| Outrageous Orange-Mango | 4.2 oz | 0-77326-83094-9 | Sodium Lauryl Sulfate, Glycerin |
| Silly Strawberry | 4.2 oz | 0-77326-83092-5 | Sodium Lauryl Sulfate, Glycerin |

| | | | |
|---|---|---|---|
| Fluoride-Free Silly Strawberry | 4.2 oz | 0-77326-83093-2 | Sodium Lauryl Sulfate, Glycerin |
| Fluoride-Free Toddler Training Toothpaste | 1.75 oz | 0-77326-83377-3 | Xylitol, Glycerin |
| | | | |
| **Wicked Fresh!** | | | |
| Wicked Fresh Spearmint Ice | 4.7 oz | 0-77326-83084-0 | Sodium Lauryl Sulfate, Xylitol |
| Wicked Fresh Cool Peppermint | 4.7 oz | 0-77326-83071-0 | Sodium Lauryl Sulfate, Xylitol |
| | | | |
| **Enamel Strength** | | | |
| Enamel Strength Peppermint | 4.0 oz | 0-77326-83408-4 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan Gum, Sodium Hydroxide |
| **Luminous White** | | | |
| Luminous White Clean Mint | 4.7 oz | 0-77326-83457-2 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan Gum |
| | | | |
| **Botanically Fresh** | | | |
| Botanically Fresh Herbal Mint | 4.7 oz | 0-77326-83416-9 | Sodium Cocoyl Glutamate, Xylitol, Glycerin |
| | | | |
| **Botanically Bright Fluoride Free** | | | |
| Botanically Bright Peppermint | 4.7 oz | 0-77326-83213-4 | Sodium Cocoyl Glutamate, Xylitol, Sorbitol, Glycerin, Xanthan Gum |
| Botanically Bright Spearmint | 4.7 oz | 0-77326-83214-1 | |
| | | | |
| **Antiplaque & Whitening** | | | |
| Fluoride-Free Antiplaque & Whitening Peppermint | 5.5 oz | 0-77326-83079-6 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Fluoride-Free Antiplaque & Whitening Spearmint | 5.5 oz | 0-77326-83086-4 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Fluoride-Free Antiplaque & Whitening Fennel | 5.5 oz | 0-77326-83075-8 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Fluoride-Free Antiplaque & Whitening Spearmint Gel | 4.7 oz | 0-77326-83108-3 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan gum |
| | | | |
| **Fluoride-Free Propolis & Myrrh** | | | |
| Cinnamint w/ Propolis & Myrrh | 4.0 oz | 0-77326-83085-7 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Fennel w/ Propolis & Myrrh | 4.0 oz | 0-77326-83074-1 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Peppermint Baking Soda w/ Propolis 7 Myrrh | 4.0 oz | 0-77326-83078-9 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Spearmint w/ Propolis & Myrrh | 4.0 oz | 0-77326-83085-7 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Gingermint Baking Soda w/ Propolis & Myrrh | 4.0 oz | 0-77326-83205-9 | Sodium Lauryl Sulfate, Xylitol, Glycerin |

| | | | |
|---|---|---|---|
| **Sensitive Formulas** | | | |
| Fluoride-Free Sensitive Wintermint | 4.0 oz | 0-77326-19704-2 | Potassium Nitrate, Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan gum |
| Maximum-Strength Sensitive Soothing Mint | 4.0 oz | 0-77326-16604-8 | Potassium Nitrate, Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan gum |
| Rapid Relief Sensitive Fresh Mint | 4 oz | 0-77326-83562-3 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan gum |
| | | | |
| **Travel Size** | | | |
| Fresh Mint Natural Toothpaste | 3.0 oz | 0-77326-83259-2 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan gum |
| Fresh Mint Natural Fluoride-Free Toothpaste | 3.0 oz | 0-77326-83260-8 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan gum |
| | | | |
| **MOUTHWASH** | | | |
| Wicked Fresh! Cool Mountain Mint | 16 oz | 0-77326-46016-0 | Propanediol, Xylitol, Sorbitol, Glycerin |
| Wicked Fresh! Peppermint Wave | 16 oz | 0-77326-47016-9 | Propanediol, Xylitol, Sorbitol, Glycerin |
| Children's Anticavity Fluoride Rinse, Juicy Mint | 16 oz | 0-77326-83048-2 | Propanediol, Xylitol, Glycerin |
| | | | |
| **DEODORANT** | | | |
| **Women's Long Lasting Deodorant** | | | |
| Unscented | 2.25 oz | 0-77326-61425-9 | Propylene Glycol, Ascorbic Acid |
| Fresh Apricot | 2.25 oz | 0-77326-61125-8 | Propylene Glycol, Ascorbic Acid |
| Wild Lavender | 2.25 oz | 0-77326-61225-5 | Propylene Glycol, Ascorbic Acid |
| Refreshing Lemongrass | 2.25 oz | 0-77326-61325-2 | Propylene Glycol, Ascorbic Acid |
| Soothing Calendula | 2.25 oz | 0-77326-65525-2 | Propylene Glycol, Ascorbic Acid |
| Beautiful Earth | 2.25 oz | 0-77326-66525-1 | Propylene Glycol, Ascorbic Acid |
| Maine Woodspice | 2.25 oz | 0-77326-64225-2 | Propylene Glycol, Ascorbic Acid |
| Honeysuckle Rose | 2.25 oz | 0-77326-60725-1 | Propylene Glycol, Ascorbic Acid |
| Natural Powder | 2.25 oz | 0-77326-83415-2 | Propylene Glycol, Ascorbic Acid |
| Tea Tree | 2.25 oz | 0-77326-44531-0 | Propylene Glycol, Ascorbic Acid |
| | | | |
| **Women's Original Care** | | | |
| | | | |
| Original Care Unscented | 2.25 oz | 0-77326-61925-4 | Propylene Glycol, Ascorbic Acid |

| | | | |
|---|---|---|---|
| **Women's Naturally Dry** | | | |
| Naturally Dry Unscented | 2.25 oz | 0-77326-83195-3 | Aluminum Chlorohydrate |
| Naturally Dry Natural Powder | 2.25 oz | 0-77326-83194-6 | Aluminum Chlorohydrate |
| Naturally Dry Fresh Meadow | 2.25 oz | 0-77326-83411-4 | Aluminum Chlorohydrate |
| | | | |
| **Mineral Confidence Roll-On** | | | |
| Citrus Zest | 2.4 oz | 0-77326-63802-6 | Xanthan Gum |
| Fragrance Free | 2.4 oz | 0-77326-63702-9 | Xanthan Gum |
| | | | |
| **Wicked Cool! Kids Deodorant** | | | |
| Girls Summer Fun | 2.25 oz | 0-77326-83439-8 | Propylene Glycol, Ascorbic Acid |
| Boys Freestyle | 2.25 oz | 0-77326-83560-9 | Propylene Glycol, Ascorbic Acid |
| | | | |
| **Men's Long Lasting Wide Stick** | | | |
| Mountain Spring | 2.25 oz | 0-77326-83528-9 | Propylene Glycol, Ascorbic Acid, Glycerin |
| Clean Confidence | 2.25 oz | 0-77326-83527-2 | Propylene Glycol, Ascorbic Acid, Glycerin |
| Deep Forest | 2.25 oz | 0-77326-14806-8 | Propylene Glycol, Ascorbic Acid, Glycerin |
| North Woods | 2.25 oz | 0-77326-44532-7 | Propylene Glycol, Ascorbic Acid, Glycerin |
| | | | |
| **Men's Naturally Dry** | | | |
| Naturally Dry North Woods | 2.25 oz | 0-77326-83559-3 | Aluminum Chlorohydrate |
| | | | |
| | | | |
| **LOTION & CREAM** | | | |
| Daily Moisturizing Body Lotion | 6 oz | 0-77326-83277-6 | Glycerin, Xanthan Gum |
| Intense Hydrating Body Lotion | 6 oz | 0-77326-83276-9 | Glycerin, Xanthan Gum |
| Daily Moisturizing Hand Cream | 4 oz | 0-77326-83299-8 | Glycerin, Xanthan Gum |
| | | | |
| **SOAP & BODY WASH** | | | |
| Citrus Berry Body Wash | 12 oz | 0-77326-83272-1 | Glycerin, Xanthan Gum |
| Vanilla Spice Body Wash | 12 oz | 0-77326-83270-7 | Glycerin, Xanthan Gum |
| Natural Beauty Bar – Daily Moisture | 4 oz | 0-77326-83039-0 | Sodium Gluconate, Glycerin |
| Natural Beauty Bar – Relaxing | 4 oz | 0-77326-37104-6 | Sodium Gluconate, Glycerin |
| Natural Beauty Bar – Sensitive | 4 oz | 0-77326-38204-2 | Sodium Gluconate, Glycerin |

| Natural Beauty Bar – Deodorant | 4 oz | 0-77326-83033-8 | Sodium Gluconate, Glycerin |
|---|---|---|---|
| | | | |
| **BABY CARE** | | | |
| Baby Shampoo & Wash – Lightly Scented | 10 oz | 0-77326-83354-4 | Sodium Gluconate, Glycerin, Xanthan Gum |
| Baby Shampoo & Wash – Unscented | 10 oz | 0-77326-83353-7 | Sodium Gluconate, Glycerin, Xanthan Gum |
| Baby Moisturizing Lotion – Lightly Scented | 6 oz | 0-77326-83352-0 | Sodium Hydroxide, Glycerin, Xanthan Gum |
| Baby Moisturizing Lotion - Unscented | 6 oz | 0-77326-83351-3 | Sodium Hydroxide, Glycerin, Xanthan Gum |

# EXHIBIT B

# BURSOR & FISHER

P.A.

1990 N. California Blvd.
SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

ANNICK M. PERSINGER
Tel: 925.300.4455
Fax: 925.407.2700
apersinger@bursor.com

October 27, 2016

***Via Certified Mail - Return Receipt Requested***

Colgate-Palmolive Co.
300 Park Avenue
New York, NY 10022

Tom's of Maine
302 Lafayette Center
Kennebunk, ME 04043

*Re:*   *Demand Letter Pursuant to California Civil Code § 1782, and other applicable laws.*

To Whom It May Concern:

This letter serves as a notice and demand for corrective action on behalf of my client, Andrea Wright, and all other persons similarly situated, arising from violations of numerous provisions of California law including the Consumers Legal Remedies Act, Civil Code § 1770, including but not limited to subsections (a)(5), (7), and (9). This letter also serves as notice pursuant to Cal. Com. Code § 2607(3)(a) concerning the breaches of express and implied warranties described herein.

You have participated in the manufacture, marketing, and sale of Tom's of Maine brand personal care products. These products include toothpastes, deodorants, soaps, body washes, mouthwashes, lotions, and baby care products ("Tom's Products" or "Products")[1]. On the Products' labels, you misrepresent the Products as "natural." The Tom's of Maine website, www.tomsofmaine.com, also touts the "natural" nature of the Products.

These representations regarding the "natural" nature of the Products are false and misleading, because the Products actually contain numerous synthetic and highly chemically processed ingredients. These ingredients include aluminum chlorohydrate, sodium lauryl sulfate, propylene glycol, and potassium nitrate.

Ms. Wright, a resident of California, purchased Tom's Products based on labeling stating the Products were "natural." She would not have purchased Tom's Products if the labels had not stated the Products were natural.

---

[1] Exhibit A includes a complete list and description of each Tom's Product at issue.

BURSOR & FISHER
P.A.

Along with Anne de Lacour, a Florida resident, Ms. Wright is acting on behalf of all purchasers of Tom's Products.  Ms. Wright is also specifically acting on behalf of purchasers of Tom's Products in California.

To cure the defects described above, we demand that you (1) cease and desist from continuing to mislabel Tom's Products as "natural;" (2) issue an immediate recall on any Tom's Products bearing false and misleading labels; and (3) make full restitution to all purchasers of Tom's Products of all purchase money obtained from sales thereof.

We further demand that you preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1. All documents concerning the ingredients, formula, testing, and manufacturing process for Tom's Products;

2. All communications with the U.S. Food and Drug Administration, the National Advertising Division, or the Federal Trade Commission concerning the product development, manufacturing, marketing and sales of Tom's Products;

3. All documents concerning the advertisement, marketing, or sale of Tom's Products;

4. All communications between competitors concerning the natural nature of Tom's Products; and

5. All communications with customers concerning complaints or comments concerning Tom's Products.

We are willing to negotiate to attempt to resolve the demands asserted in this letter.  If you wish to enter into such discussions, please contact me immediately.  If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents promptly.

Very truly yours,

Annick M. Persinger

**EXHIBIT A**

**Tom's of Maine Product Listing**

| DESCRIPTION | UNIT SIZE | UPC CODE | UNNATURAL INGREDIENT(S) |
|---|---|---|---|
| **TOOTHPASTE** | | | |
| **Whole Care Pastes & Gels** | | | |
| Cinnamon Clove Whole Care Paste | 4.7 oz | 0-77326-83073-4 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Peppermint Whole Care Paste | 4.7 oz | 0-77326-83081-9 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Spearmint Whole Care Paste | 4.7 oz | 0-77326-83088-8 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Wintermint Whole Care Paste | 4.7 oz | 0-77326-83091-8 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Orange Mango Whole Care Gel | 4.7 oz | 0-77326-83076-5 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan Gum |
| Peppermint Whole Care Gel | 4.7 oz | 0-77326-83080-2 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan Gum |
| Spearmint Whole Care Gel | 4.7 oz | 0-77326-11906-8 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan Gum |
| | | | |
| **Cavity Protection** | | | |
| Peppermint Baking Soda Cavity Protection | 5.5 oz | 0-77326-83077-2 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Spearmint Cavity Protection | 5.5 oz | 0-77326-83083-3 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| | | | |
| **Simply White** | | | |
| Clean Mint Simply White Paste | 4.7 oz | 0-77326-14806-8 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan Gum |
| Sweet Mint Simply White Gel | 4.7 oz | 0-77326-14906-5 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan Gum |
| | | | |
| **Wicked Cool!** | | | |
| Wicked Cool Mild Mint | 4.2 oz | 0-77326-83262-2 | Sodium Lauryl Sulfate, Glycerin |
| Wicked Cool! Fluoride Free Mild Mint | 4.2 oz | 0-77326-83261-5 | Sodium Lauryl Sulfate, Glycerin |
| | | | |
| **Children's** | | | |
| Outrageous Orange-Mango | 4.2 oz | 0-77326-83094-9 | Sodium Lauryl Sulfate, Glycerin |
| Silly Strawberry | 4.2 oz | 0-77326-83092-5 | Sodium Lauryl Sulfate, Glycerin |

| Fluoride-Free Silly Strawberry | 4.2 oz | 0-77326-83093-2 | Sodium Lauryl Sulfate, Glycerin |
|---|---|---|---|
| Fluoride-Free Toddler Training Toothpaste | 1.75 oz | 0-77326-83377-3 | Xylitol, Glycerin |
| | | | |
| **Wicked Fresh!** | | | |
| Wicked Fresh Spearmint Ice | 4.7 oz | 0-77326-83084-0 | Sodium Lauryl Sulfate, Xylitol |
| Wicked Fresh Cool Peppermint | 4.7 oz | 0-77326-83071-0 | Sodium Lauryl Sulfate, Xylitol |
| | | | |
| **Enamel Strength** | | | |
| Enamel Strength Peppermint | 4.0 oz | 0-77326-83408-4 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan Gum, Sodium Hydroxide |
| **Luminous White** | | | |
| Luminous White Clean Mint | 4.7 oz | 0-77326-83457-2 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan Gum |
| | | | |
| **Botanically Fresh** | | | |
| Botanically Fresh Herbal Mint | 4.7 oz | 0-77326-83416-9 | Sodium Cocoyl Glutamate, Xylitol, Glycerin |
| | | | |
| **Botanically Bright Fluoride Free** | | | |
| Botanically Bright Peppermint | 4.7 oz | 0-77326-83213-4 | Sodium Cocoyl Glutamate, Xylitol, Sorbitol, Glycerin, Xanthan Gum |
| Botanically Bright Spearmint | 4.7 oz | 0-77326-83214-1 | |
| | | | |
| **Antiplaque & Whitening** | | | |
| Fluoride-Free Antiplaque & Whitening Peppermint | 5.5 oz | 0-77326-83079-6 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Fluoride-Free Antiplaque & Whitening Spearmint | 5.5 oz | 0-77326-83086-4 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Fluoride-Free Antiplaque & Whitening Fennel | 5.5 oz | 0-77326-83075-8 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Fluoride-Free Antiplaque & Whitening Spearmint Gel | 4.7 oz | 0-77326-83108-3 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan gum |
| | | | |
| **Fluoride-Free Propolis & Myrrh** | | | |
| Cinnamint w/ Propolis & Myrrh | 4.0 oz | 0-77326-83085-7 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Fennel w/ Propolis & Myrrh | 4.0 oz | 0-77326-83074-1 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Peppermint Baking Soda w/ Propolis 7 Myrrh | 4.0 oz | 0-77326-83078-9 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Spearmint w/ Propolis & Myrrh | 4.0 oz | 0-77326-83085-7 | Sodium Lauryl Sulfate, Xylitol, Glycerin |
| Gingermint Baking Soda w/ Propolis & Myrrh | 4.0 oz | 0-77326-83205-9 | Sodium Lauryl Sulfate, Xylitol, Glycerin |

| | | | |
|---|---|---|---|
| **Sensitive Formulas** | | | |
| Fluoride-Free Sensitive Wintermint | 4.0 oz | 0-77326-19704-2 | Potassium Nitrate, Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan gum |
| Maximum-Strength Sensitive Soothing Mint | 4.0 oz | 0-77326-16604-8 | Potassium Nitrate, Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan gum |
| Rapid Relief Sensitive Fresh Mint | 4 oz | 0-77326-83562-3 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan gum |
| | | | |
| **Travel Size** | | | |
| Fresh Mint Natural Toothpaste | 3.0 oz | 0-77326-83259-2 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan gum |
| Fresh Mint Natural Fluoride-Free Toothpaste | 3.0 oz | 0-77326-83260-8 | Sodium Lauryl Sulfate, Xylitol, Sorbitol, Glycerin, Xanthan gum |
| | | | |
| **MOUTHWASH** | | | |
| Wicked Fresh! Cool Mountain Mint | 16 oz | 0-77326-46016-0 | Propanediol, Xylitol, Sorbitol, Glycerin |
| Wicked Fresh! Peppermint Wave | 16 oz | 0-77326-47016-9 | Propanediol, Xylitol, Sorbitol, Glycerin |
| Children's Anticavity Fluoride Rinse, Juicy Mint | 16 oz | 0-77326-83048-2 | Propanediol, Xylitol, Glycerin |
| | | | |
| **DEODORANT** | | | |
| **Women's Long Lasting Deodorant** | | | |
| Unscented | 2.25 oz | 0-77326-61425-9 | Propylene Glycol, Ascorbic Acid |
| Fresh Apricot | 2.25 oz | 0-77326-61125-8 | Propylene Glycol, Ascorbic Acid |
| Wild Lavender | 2.25 oz | 0-77326-61225-5 | Propylene Glycol, Ascorbic Acid |
| Refreshing Lemongrass | 2.25 oz | 0-77326-61325-2 | Propylene Glycol, Ascorbic Acid |
| Soothing Calendula | 2.25 oz | 0-77326-65525-2 | Propylene Glycol, Ascorbic Acid |
| Beautiful Earth | 2.25 oz | 0-77326-66525-1 | Propylene Glycol, Ascorbic Acid |
| Maine Woodspice | 2.25 oz | 0-77326-64225-2 | Propylene Glycol, Ascorbic Acid |
| Honeysuckle Rose | 2.25 oz | 0-77326-60725-1 | Propylene Glycol, Ascorbic Acid |
| Natural Powder | 2.25 oz | 0-77326-83415-2 | Propylene Glycol, Ascorbic Acid |
| Tea Tree | 2.25 oz | 0-77326-44531-0 | Propylene Glycol, Ascorbic Acid |
| | | | |
| **Women's Original Care** | | | |
| Original Care Unscented | 2.25 oz | 0-77326-61925-4 | Propylene Glycol, Ascorbic Acid |

| | | | |
|---|---|---|---|
| **Women's Naturally Dry** | | | |
| Naturally Dry Unscented | 2.25 oz | 0-77326-83195-3 | Aluminum Chlorohydrate |
| Naturally Dry Natural Powder | 2.25 oz | 0-77326-83194-6 | Aluminum Chlorohydrate |
| Naturally Dry Fresh Meadow | 2.25 oz | 0-77326-83411-4 | Aluminum Chlorohydrate |
| | | | |
| **Mineral Confidence Roll-On** | | | |
| Citrus Zest | 2.4 oz | 0-77326-63802-6 | Xanthan Gum |
| Fragrance Free | 2.4 oz | 0-77326-63702-9 | Xanthan Gum |
| | | | |
| **Wicked Cool! Kids Deodorant** | | | |
| Girls Summer Fun | 2.25 oz | 0-77326-83439-8 | Propylene Glycol, Ascorbic Acid |
| Boys Freestyle | 2.25 oz | 0-77326-83560-9 | Propylene Glycol, Ascorbic Acid |
| | | | |
| **Men's Long Lasting Wide Stick** | | | |
| Mountain Spring | 2.25 oz | 0-77326-83528-9 | Propylene Glycol, Ascorbic Acid, Glycerin |
| Clean Confidence | 2.25 oz | 0-77326-83527-2 | Propylene Glycol, Ascorbic Acid, Glycerin |
| Deep Forest | 2.25 oz | 0-77326-14806-8 | Propylene Glycol, Ascorbic Acid, Glycerin |
| North Woods | 2.25 oz | 0-77326-44532-7 | Propylene Glycol, Ascorbic Acid, Glycerin |
| | | | |
| **Men's Naturally Dry** | | | |
| Naturally Dry North Woods | 2.25 oz | 0-77326-83559-3 | Aluminum Chlorohydrate |
| | | | |
| | | | |
| **LOTION & CREAM** | | | |
| Daily Moisturizing Body Lotion | 6 oz | 0-77326-83277-6 | Glycerin, Xanthan Gum |
| Intense Hydrating Body Lotion | 6 oz | 0-77326-83276-9 | Glycerin, Xanthan Gum |
| Daily Moisturizing Hand Cream | 4 oz | 0-77326-83299-8 | Glycerin, Xanthan Gum |
| | | | |
| **SOAP & BODY WASH** | | | |
| Citrus Berry Body Wash | 12 oz | 0-77326-83272-1 | Glycerin, Xanthan Gum |
| Vanilla Spice Body Wash | 12 oz | 0-77326-83270-7 | Glycerin, Xanthan Gum |
| Natural Beauty Bar – Daily Moisture | 4 oz | 0-77326-83039-0 | Sodium Gluconate, Glycerin |
| Natural Beauty Bar – Relaxing | 4 oz | 0-77326-37104-6 | Sodium Gluconate, Glycerin |
| Natural Beauty Bar – Sensitive | 4 oz | 0-77326-38204-2 | Sodium Gluconate, Glycerin |

| | | | |
|---|---|---|---|
| Natural Beauty Bar – Deodorant | 4 oz | 0-77326-83033-8 | Sodium Gluconate, Glycerin |
| | | | |
| **BABY CARE** | | | |
| Baby Shampoo & Wash – Lightly Scented | 10 oz | 0-77326-83354-4 | Sodium Gluconate, Glycerin, Xanthan Gum |
| Baby Shampoo & Wash – Unscented | 10 oz | 0-77326-83353-7 | Sodium Gluconate, Glycerin, Xanthan Gum |
| Baby Moisturizing Lotion – Lightly Scented | 6 oz | 0-77326-83352-0 | Sodium Hydroxide, Glycerin, Xanthan Gum |
| Baby Moisturizing Lotion - Unscented | 6 oz | 0-77326-83351-3 | Sodium Hydroxide, Glycerin, Xanthan Gum |