**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANNE DE LACOUR, ANDREA WRIGHT, and LOREE MORAN individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>      v.<br><br>COLGATE-PALMOLIVE CO., and TOM'S OF MAINE INC.,<br><br>                       Defendants. | 16 Civ. 8364 (RA)(AJP) |

**COLGATE-PALMOLIVE CO. AND TOM'S OF MAINE, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'**
**FIRST AMENDED CLASS ACTION COMPLAINT**

LATHAM & WATKINS LLP

David Callahan *(pro hac vice)*
Kathleen Lally *(pro hac vice)*
Kathleen Elsner *(pro hac vice)*
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

Blake T. Denton
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Defendants Colgate-Palmolive Co. ("Colgate") and Tom's of Maine, Inc. ("Tom's") (collectively, "Defendants"), by their counsel, as and for their Answer and Affirmative Defenses to the First Amended Class Action Complaint of Plaintiffs Anne de Lacour, Andrea Wright and Loree Moran (collectively, "Plaintiffs") state as follows:

1.      Defendants deny the allegations in Paragraph 1.

2.      The ingredients in any given Tom's product are as listed on those products, and to the extent that the allegations in Paragraph 2 or Exhibit A vary therefrom, Defendants deny those allegations.  Defendants deny that the ingredients listed in Exhibit A are "unnatural." Defendants further deny that they makes any false or misleading statements whatsoever, including the statements at issue in Plaintiffs' First Amended Complaint.  Defendants deny any and all remaining allegations in Paragraph 2 and Exhibit A.

3.      Defendants admit that Plaintiffs have brought a putative class action against Tom's and Colgate purportedly to seek damages in connection with alleged purchases of certain of Tom's products.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 regarding the reasons that Plaintiffs or any given member of the proposed classes purchased one or more of Tom's products, the price paid by Plaintiffs or any given member of the proposed classes for those products and whether that price represented a premium in the marketplace and on that basis, deny those allegations. Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 3 and specifically deny that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

4.      Defendants admit that Plaintiffs have brought a putative class action purportedly to seek damages and other relief in connection with alleged purchases of certain of Tom's products.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 regarding the purchases of Plaintiffs and the members of the proposed classes, the reasons that Plaintiffs or any given member of the proposed classes purchased one or more of Tom's products, the price paid by Plaintiffs or any given member of the proposed classes for those products and whether that price represented a premium in the marketplace and on that basis, deny those allegations.  Defendants deny that Tom's products contain ingredients that are "unnatural."  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 4 and specifically deny that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

5.      Defendants admit that Plaintiffs purport to seek the relief set forth in Paragraph 5. Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 5 and specifically deny that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 and on that basis, deny those allegations. Defendants deny any and all remaining allegations in Paragraph 6.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and on that basis, deny those allegations. Defendants deny any and all remaining allegations in Paragraph 7.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and on that basis, deny those allegations. Defendants deny any and all remaining allegations in Paragraph 8.

9.      Defendants admit that Colgate is a Delaware corporation with its principal place of business at 300 Park Avenue, New York, New York 10022.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 9.

10.     Defendants admit that Tom's is a wholly-owned subsidiary of Colgate and that its principal place of business is in Kennebunk, Maine.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 10.

11.     Defendants admit that Plaintiffs purport to assert jurisdiction pursuant to 28 U.S.C. §1332(d).  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 regarding the citizenship of the members of the proposed classes and on that basis, deny those allegations.  Defendants deny that class treatment of Plaintiffs' claims is appropriate and that the definition and description of the proposed classes are appropriate.  Defendants further deny that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 11.

12.     Defendants admit that Plaintiffs purport to assert venue pursuant to 28 U.S.C. §1391.  Defendants further admit that Colgate is headquartered in this district.  Expect as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 12.

13.     Defendants deny the allegations in Paragraph 13.

14.     Defendants deny the allegations in Paragraph 14.

15.     The labels and packaging for any given Tom's product speak for themselves, and to the extent that the allegations in Paragraph 15 vary from the labels and packaging identified therein or the labels and packaging for any of Tom's products, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16.

17.     The labels for any given Tom's deodorant speak for themselves, and to the extent that the allegations in Paragraph 17 vary from the labels identified therein or any of the labels for any of Tom's deodorants, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 17.

18.     Defendants deny the allegations in Paragraph 18.

19.     The labels and packaging for any given Tom's product speak for themselves, and to the extent that the allegations in Paragraph 19 vary from the labels and packaging identified therein or the labels and packaging for any of Tom's products, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 19.

20.     Defendants deny the allegations in Paragraph 20.

21.     Defendants admit that Tom's maintains a website located at www.tomsofmaine.com.  The website speaks for itself, and to the extent that the allegations in

Paragraph 21 vary therefrom, Defendants deny those allegations.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 21.

22.     Defendants deny the allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.     The material quoted in Paragraph 24 speaks for itself, and to the extent that the allegations in Paragraph 24 vary therefrom or from other definitions or applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 24 and Footnote 1.

25.     The material quoted in Paragraph 25 speaks for itself, and to the extent that the allegations in Paragraph 25 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 25.

26.     The material quoted in Paragraph 26 speaks for itself, and to the extent that the allegations in Paragraph 26 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 26 and Footnote 2.

27.     The ingredients in any given Tom's product are as listed on those products, and to the extent that the allegations in Paragraph 27 vary therefrom, Defendants deny those allegations. Defendants deny any and all remaining allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28 and Footnote 3.

29.     The material referenced in Paragraph 29 speaks for itself, and to the extent that the allegations in Paragraph 29 vary therefrom or from other applicable statutory or decisional

law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 29 and Footnote 4.

30.     The material referenced in Paragraph 30 speaks for itself, and to the extent that the allegations in Paragraph 30 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 30 and Footnote 5.

31.     The material referenced in Paragraph 31 speaks for itself, and to the extent that the allegations in Paragraph 31 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 31 and Footnote 6.

32.     The material referenced in Paragraph 32 speaks for itself, and to the extent that the allegations in Paragraph 32 vary therefrom or from other or applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 32.

33.     Defendants admit that Plaintiffs purport to bring their claims on behalf of the proposed class identified in Paragraph 33.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 33 and specifically deny that class treatment of Plaintiffs' claims is appropriate and that the definition and description of the proposed class are appropriate or otherwise meet the applicable requirements for class certification.

34.     Defendants admit that Plaintiff Wright purports to bring claims on behalf of the proposed sub-class identified in Paragraph 34.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 34 and specifically deny that class treatment of

Plaintiff Wright's claims is appropriate and that the definition and description of the proposed sub-class are appropriate or otherwise meet the applicable requirements for class certification.

35.     Defendants admit that Plaintiff de Lacour purports to bring claims on behalf of the proposed sub-class identified in Paragraph 35.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 35 and specifically deny that class treatment of Plaintiff de Lacour's claims is appropriate and that the definition and description of the proposed sub-class are appropriate or otherwise meet the applicable requirements for class certification.

36.     Defendants admit that Plaintiff Moran purports to bring claims on behalf of the proposed sub-class identified in Paragraph 36.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 36 and specifically deny that class treatment of Plaintiff Moran's claims is appropriate and that the definition and description of the proposed sub-class are appropriate or otherwise meet the applicable requirements for class certification.

37.     Defendants admit that Plaintiffs purport to exclude the persons identified in Paragraph 37 from the proposed classes identified in Paragraphs 33-36.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 37 and specifically deny that class treatment of Plaintiffs' claims is appropriate and that the definition and description of the proposed classes are appropriate or otherwise meet the applicable requirements for class certification.

38.     Defendants admit that Plaintiffs purport to exclude the persons identified in Paragraph 38 from the proposed classes identified in Paragraphs 33-36.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 38 and specifically deny that class treatment of Plaintiffs' claims is appropriate and that the definition and

description of the proposed classes are appropriate or otherwise meet the applicable requirements for class certification.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 and on that basis, deny those allegations. Defendants deny any and all remaining allegations in Paragraph 39 and specifically deny that class treatment of Plaintiffs' claims is appropriate.

40.     Defendants admit that Tom's products are sold by a variety of different retailers throughout the country.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 40 and specifically deny that class treatment of Plaintiffs' claims is appropriate.

41.     Defendants deny the allegations in Paragraph 41 and specifically deny that class treatment of Plaintiffs' claims is appropriate.

42.     Defendants deny the allegations in Paragraph 42 and specifically deny that class treatment of Plaintiffs' claims is appropriate.

43.     Defendants deny the allegations in Paragraph 43 and specifically deny that class treatment of Plaintiffs' claims is appropriate.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 regarding Plaintiffs' counsel and on that basis, deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 44 and specifically deny that class treatment of Plaintiffs' claims is appropriate.

45.     Defendants deny the allegations in Paragraph 45 and specifically deny that class treatment of Plaintiffs' claims is appropriate.

## COUNT I

### (Breach of Express Warranty)

46.     Defendants repeat and restate the answers set forth above as if fully stated herein.

47.     Defendants admit that Plaintiffs purport to bring this count individually and on behalf of a proposed class.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 47 and specifically deny that class treatment of Plaintiffs' claim is appropriate.

48.     Defendants deny the allegations in Paragraph 48 and specifically deny that class treatment of Plaintiffs' claim is appropriate.

49.     Defendants deny the allegations in Paragraph 49 and specifically deny that class treatment of Plaintiffs' claim is appropriate.

50.     Defendants deny the allegations in Paragraph 50 and specifically deny that class treatment of Plaintiffs' claim is appropriate.

51.     Defendants deny the allegations in Paragraph 51 and specifically deny that class treatment of Plaintiffs' claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

## COUNT II

### (California's Consumer Legal Remedies Act "CLRA", Cal. Civil Code §§ 1750, *et seq.*)

52.     Defendants admit that Plaintiff Wright purports to bring this count individually and on behalf of a proposed sub-class.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 52 and specifically deny that class treatment of Plaintiff's claim is appropriate.

53.     Defendants repeat and restate the answers set forth above as if fully stated herein.

54.     The CLRA speaks for itself, and to the extent that the allegations in Paragraph 54 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 54 and specifically deny that class treatment of Plaintiff's claim is appropriate.

55.     The CLRA speaks for itself, and to the extent that the allegations in Paragraph 55 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 55 and specifically deny that class treatment of Plaintiff's claim is appropriate.

56.     The CLRA speaks for itself, and to the extent that the allegations in Paragraph 56 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 56 and specifically deny that class treatment of Plaintiff's claim is appropriate.

57.     The CLRA speaks for itself, and to the extent that the allegations in Paragraph 57 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 57 and specifically deny that class treatment of Plaintiff's claim is appropriate.

58.     Defendants deny the allegations in Paragraph 58 and specifically deny that class treatment of Plaintiff's claim is appropriate.

59.     Defendants deny the allegations in Paragraph 59 and specifically deny that class treatment of Plaintiff's claim is appropriate.

60.     Defendants deny the allegations in Paragraph 60 and specifically deny that class treatment of Plaintiff's claim is appropriate.

61.     Defendants deny the allegations in Paragraph 61 and specifically deny that class treatment of Plaintiff's claim is appropriate.

62.     Defendants deny the allegations in Paragraph 62 and specifically deny that class treatment of Plaintiff's claim is appropriate.

63.     Defendants deny the allegations in Paragraph 63 and specifically deny that class treatment of Plaintiff's claim is appropriate.

64.     Defendants admit that Plaintiff Wright served a CLRA notice letter on Defendants in October of 2016.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 64 and Exhibit B and specifically deny that class treatment of Plaintiff's claim is appropriate.

65.     Defendants deny the allegations in Paragraph 65 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

66.     Defendants deny the allegations in Paragraph 66 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

### **COUNT III**

### **(False Advertising Law "FAL," Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

67.     Defendants admit that Plaintiff Wright purports to bring this count individually and on behalf of a proposed sub-class.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 67 and specifically deny that class treatment of Plaintiff's claim is appropriate.

68.     Defendants repeat and restate the answers set forth above as if fully stated herein.

69.     The FAL speaks for itself, and to the extent that the allegations in Paragraph 69 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 69 and specifically deny that class treatment of Plaintiff's claim is appropriate.

70.     Defendants deny the allegations in Paragraph 70 and specifically deny that class treatment of Plaintiff's claim is appropriate.

71.     Defendants deny the allegations in Paragraph 71 and specifically deny that class treatment of Plaintiff's claim is appropriate.

72.     Defendants deny the allegations in Paragraph 72 and specifically deny that class treatment of Plaintiff's claim is appropriate.

73.     Defendants deny the allegations in Paragraph 73 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

74.     Defendants deny the allegations in Paragraph 74 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

## COUNT IV

**(The "Unlawful Prong" of California's Unfair Competition Law "UCL,"
Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

75.     Defendants admit that Plaintiff Wright purports to bring this count individually and on behalf of a proposed sub-class.  Except as expressly admitted, Defendants deny any and

all remaining allegations in Paragraph 75 and specifically deny that class treatment of Plaintiff's claim is appropriate.

76.     Defendants repeat and restate the answers set forth above as if fully stated herein.

77.     The UCL speaks for itself, and to the extent that the allegations in Paragraph 77 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 77 and specifically deny that class treatment of Plaintiff's claim is appropriate.

78.     The UCL speaks for itself, and to the extent that the allegations in Paragraph 78 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 78 and specifically deny that class treatment of Plaintiff's claim is appropriate.

79.     The UCL speaks for itself, and to the extent that the allegations in Paragraph 79 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 79 and specifically deny that class treatment of Plaintiff's claim is appropriate.

80.     Defendants deny the allegations in Paragraph 80 and specifically deny that class treatment of Plaintiff's claim is appropriate.

81.     Defendants deny the allegations in Paragraph 81 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

82.     Defendants deny the allegations in Paragraph 82 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are

entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

## COUNT V

### (The "Fraudulent Prong" of California's Unfair Competition Law "UCL," Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

83.     Defendants admit that Plaintiff Wright purports to bring this count individually and on behalf of a proposed sub-class.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 83 and specifically deny that class treatment of Plaintiff's claim is appropriate.

84.     Defendants repeat and restate the answers set forth above as if fully stated herein.

85.     The UCL speaks for itself, and to the extent that the allegations in Paragraph 85 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 85 and specifically deny that class treatment of Plaintiff's claim is appropriate.

86.     Defendants deny the allegations in Paragraph 86 and specifically deny that class treatment of Plaintiff's claim is appropriate.

87.     Defendants deny the allegations in Paragraph 87 and specifically deny that class treatment of Plaintiff's claim is appropriate.

88.     Defendants deny the allegations in Paragraph 88 and specifically deny that class treatment of Plaintiff's claim is appropriate.

89.     Defendants deny the allegations in Paragraph 89 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

90.     Defendants deny the allegations in Paragraph 90 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

## COUNT VI

**(The "Unfair Prong" of California's Unfair Competition Law "UCL,"
Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

91.     Defendants admit that Plaintiff Wright purports to bring this count individually and on behalf of a proposed sub-class.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 91 and specifically deny that class treatment of Plaintiff's claim is appropriate.

92.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

93.     The UCL speaks for itself, and to the extent that the allegations in Paragraph 93 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 93 and specifically deny that class treatment of Plaintiff's claim is appropriate.

94.     Defendants deny the allegations in Paragraph 94 and specifically deny that class treatment of Plaintiff's claim is appropriate.

95.     Defendants deny the allegations in Paragraph 95 and specifically deny that class treatment of Plaintiff's claim is appropriate.

96.     Defendants deny the allegations in Paragraph 96 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are

entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

97.     Defendants deny the allegations in Paragraph 97 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

## COUNT VII

### (Florida's Deceptive and Unfair Trade Practices Act "FDUTPA," Fla. Stat. §§ 501.201 *et seq.*)

98.     Defendants admit that Plaintiff de Lacour purports to bring this count individually and on behalf of a proposed sub-class.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 98 and specifically deny that class treatment of Plaintiff's claim is appropriate.

99.     Defendants repeat and restate the answers set forth above as if fully stated herein.

100.     Defendants deny the allegations in Paragraph 100 and specifically deny that class treatment of Plaintiff's claim is appropriate.

101.     The FDUTPA speaks for itself, and to the extent that the allegations in Paragraph 101 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 101 and specifically deny that class treatment of Plaintiff's claim is appropriate.

102.     The FDUTPA speaks for itself, and to the extent that the allegations in Paragraph 102 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 102 and specifically deny that class treatment of Plaintiff's claim is appropriate.

103.     Defendants deny the allegations in Paragraph 103 and specifically deny that class treatment of Plaintiff's claim is appropriate.

104.     Defendants deny the allegations in Paragraph 104 and specifically deny that class treatment of Plaintiff's claim is appropriate.

105.     Defendants deny the allegations in Paragraph 105 and specifically deny that class treatment of Plaintiff's claim is appropriate.

106.     The FDUTPA speaks for itself, and to the extent that the allegations in Paragraph 106 vary therefrom or from other applicable statutory or decisional law, Defendants deny those allegations.  Defendants deny any and all remaining allegations in Paragraph 106 and specifically deny that class treatment of Plaintiff's claim is appropriate.

107.     Defendants deny the allegations in Paragraph 107 and specifically deny that class treatment of Plaintiff's claim is appropriate.

108.     Defendants deny the allegations in Paragraph 108 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

109.     Defendants deny the allegations in Paragraph 109 and specifically deny that class treatment of Plaintiff's claim is appropriate.

110.     Defendants deny the allegations in Paragraph 110 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

111.    Defendants deny the allegations in Paragraph 111 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

112.    Defendants deny the allegations in Paragraph 112 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

113.    Defendants deny the allegations in Paragraph 113 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

## **COUNT VIII**

### **(Deceptive Acts or Practices, New York Gen. Bus. Law. § 349)**

114.    Defendants admit that Plaintiff Moran purports to bring this count individually and on behalf of a proposed sub-class.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 114 and specifically deny that class treatment of Plaintiff's claim is appropriate.

115.    Defendants repeat and restate the answers set forth above as if fully stated herein.

116.    Defendants deny the allegations in Paragraph 116 and specifically deny that class treatment of Plaintiff's claim is appropriate.

117.    Defendants deny the allegations in Paragraph 117 and specifically deny that class treatment of Plaintiff's claim is appropriate.

118.    Defendants deny the allegations in Paragraph 118 and specifically deny that class treatment of Plaintiff's claim is appropriate.

119.    Defendants deny the allegations in Paragraph 119 and specifically deny that class treatment of Plaintiff's claim is appropriate.

120.    Defendants deny the allegations in Paragraph 120 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

121.    Defendants deny the allegations in Paragraph 121 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

122.    Defendants deny the allegations in Paragraph 122 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

## **COUNT IX**

### **(False Advertising, New York Gen. Bus. Law. § 350)**

123.    Defendants admit that Plaintiff Moran purports to bring this count individually and on behalf of a proposed sub-class.  Except as expressly admitted, Defendants deny any and all remaining allegations in Paragraph 123 and specifically deny that class treatment of Plaintiff's claim is appropriate.

124.    Defendants repeat and restate the answers set forth above as if fully stated herein.

125.    Defendants deny the allegations in Paragraph 125 and specifically deny that class treatment of Plaintiff's claim is appropriate.

126.    Defendants deny the allegations in Paragraph 126 and specifically deny that class treatment of Plaintiff's claim is appropriate.

127.    Defendants deny the allegations in Paragraph 127 and specifically deny that class treatment of Plaintiff's claim is appropriate.

128.    Defendants deny the allegations in Paragraph 128 and specifically deny that class treatment of Plaintiff's claim is appropriate.

129.    Defendants deny the allegations in Paragraph 129 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs.

130.    Defendants deny the allegations in Paragraph 130 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

131.    Defendants deny the allegations in Paragraph 131 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

132.    Defendants deny the allegations in Paragraph 132 and specifically deny that class treatment of Plaintiff's claim is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.

## ANSWERING PRAYER FOR RELIEF

Defendants admit that Plaintiffs purport to seek the relief discussed in the preceding Paragraph.  Defendants deny the allegations in that Paragraph and specifically deny that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint.  Except as expressly admitted, Defendants deny any and all remaining allegations in the preceding paragraph.

## ANSWERING JURY DEMAND

Defendants admit that Plaintiffs purport to demand a jury.  Defendants deny the allegations in the preceding Paragraph and specifically deny that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and the proposed classes are entitled to any relief whatsoever, including, but not limited to, the relief requested in the First Amended Complaint. Except as expressly admitted, Defendants deny any and all remaining allegations in the preceding paragraph.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiffs' alleged claims for relief, Defendants allege as set forth below.  By setting forth the following allegations and defenses, however, Defendants do not assume the burden of proof on matters and issues other than those on which Defendants have the burden of proof as a matter of law.

### First Affirmative Defense
**(Release)**

Defendants are informed and believe, and on that basis allege, that to the extent Plaintiffs and/or members of the proposed classes have released the claims asserted in Plaintiffs' First Amended Complaint, those claims are barred, in whole or in part.

## Second Affirmative Defense
### (Prior Judgment)

Defendants are informed and believe, and on that basis allege, that to the extent that Plaintiffs and/or members of the proposed classes have brought actions and received judgments or awards on the claims asserted in Plaintiffs' First Amended Complaint, those claims are barred, in whole or in part.

## Third Affirmative Defense
### (Res Judicata/Collateral Estoppel)

Defendants are informed and believe, and on that basis allege, that to the extent that Plaintiffs and/or members of the proposed classes have previously litigated the same or similar claims as those alleged in Plaintiffs' First Amended Complaint, those claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## Fourth Affirmative Defense
### (Laches)

Defendants are informed and believe, and on that basis allege, that because of delay by Plaintiffs and/or members of the proposed classes in asserting their alleged claims, those claims are barred, in whole or in part, by the equitable doctrine of laches.

## Fifth Affirmative Defense
### (Estoppel)

Defendants are informed and believe, and on that basis allege, that by reason of the conduct of Plaintiffs and/or members of the proposed classes, the purported claims for relief alleged in the First Amended Complaint are barred, in whole or in part, by the doctrine of estoppel.

## Sixth Affirmative Defense
### (Waiver)

Defendants are informed and believe, and on that basis allege, that by reason of the

conduct of Plaintiffs and/or members of the proposed classes, the purported claims for relief alleged in the First Amended Complaint are barred, in whole or in part, by the doctrine of waiver.

**<u>Seventh Affirmative Defense</u>**
**(Unclean Hands)**

Defendants are informed and believe, and on that basis allege, that by reason of the conduct of Plaintiffs and/or members of the proposed classes, the purported claims for relief alleged in the First Amended Complaint are barred, in whole or in part, by the doctrine of unclean hands.

**<u>Eighth Affirmative Defense</u>**
**(Class Action Improper)**

Defendants are informed and believe, and on that basis allege, that class treatment is inappropriate for this action because, <u>inter alia</u>, Plaintiffs are not an adequate representatives, Plaintiffs' claims are not typical or common of claims of proposed class members, the claims of Plaintiffs and members of the proposed classes are subject to unique facts and defenses (such as individual purchasing decisions), common questions of law and fact do not predominate over any common issues, class treatment is not superior to other available methods of determining the controversy and a class action would be unmanageable.  Moreover, certification of the proposed classes would result in the denial of due process to Defendants as well as to the proposed classes.

**<u>Ninth Affirmative Defense</u>**
**(UCL – No Relief)**

Defendants are informed and believe, and on that basis allege, that the claims of Plaintiffs and/or the members of the proposed classes for relief under California's Unfair Competition Law are barred, in whole or in part, because Plaintiffs seek relief to which that are not entitled under the law.

### Tenth Affirmative Defense
### (Safe Harbor)

Defendants are informed and believe, and on that basis allege, that the claims of Plaintiffs and/or the members of the proposed classes are barred under the various states' consumer protection laws are barred, in whole or in part, by the "safe harbor" provisions of those statutes and/or judicially-created "safe harbor" provisions, including Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163 (1999).

### Eleventh Affirmative Defense
### (Conduct Not Unlawful)

Defendants are informed and believe, and on that basis allege, that the claims of Plaintiffs and/or the members of the proposed classes are barred, in whole or in part, because Defendants' conduct was not unlawful.

### Twelfth Affirmative Defense

### (Conduct Not Unfair)

Defendants are informed and believe, and on that basis allege, that the claims of Plaintiffs and/or the members of the proposed classes are barred, in whole or in part, because Defendants' conduct was not unfair.

### Thirteenth Affirmative Defense
### (No Fraud/Deception)

Defendants are informed and believe, and on that basis allege, that the claims of Plaintiffs and/or the members of the proposed classes are barred, in whole or in part, because none of Defendants' actions and/or statements were likely to mislead the reasonable consumer, and Plaintiffs and/or members of the proposed classes were not actually misled.

### Fourteenth Affirmative Defense
### (No Misleading or Deceptive Advertising)

Defendants are informed and believe, and on that basis allege, that the claims of Plaintiffs

and/or the members of the proposed classes are barred, in whole or in part, because Defendants did not engage in any conduct that could constitute misleading or deceptive advertising.

### Fifteenth Affirmative Defense
**(No Reliance)**

Defendants are informed and believe, and on that basis allege, that the claims of Plaintiffs and/or the members of the proposed classes are barred, in whole or in part, because Plaintiffs and/or members of the proposed classes were not actually misled or deceived by and/or did not rely on any statements or omissions on the part of Defendants in deciding whether to purchase Tom's products.

### Sixteenth Affirmative Defense
**(Adequate Remedy At Law)**

Defendants are informed and believe, and on that basis allege, that the claims of Plaintiffs and/or the members of the proposed classes for equitable relief are barred, in whole or in part, because Plaintiffs and/or members of the proposed classes have an adequate remedy at law.

### Seventeenth Affirmative Defense
**(No Legal Injury)**

Defendants are informed and believe, and on that basis allege, that to the extent that Plaintiffs and/or members of the proposed classes suffered no legal injury, the claims of Plaintiffs and/or the members of the proposed classes are barred, in whole or in part.

### Eighteenth Affirmative Defense
**(Lack of Privity)**

Defendants are informed and believe, and on that basis allege, that the claims of Plaintiffs and/or the members of the proposed classes for breach of warranty are barred, in whole or in part, because there is no privity between Defendants and Plaintiffs or the members of the proposed classes.

### Nineteenth Affirmative Defense
**(Accord and Satisfaction)**

Defendants are informed and believe, and on that basis allege, that to the extent that Plaintiffs and/or members of the proposed classes have resolved the same or similar claims as that alleged in Plaintiff's First Amended Complaint, those claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Twentieth Affirmative Defense
**(Economic Loss Doctrine)**

Defendants are informed and believe, and on that basis allege, that the claims of Plaintiffs and/or the members of the proposed classes under tort law are barred, in whole or in part, under the doctrine of economic loss.

### Twenty-First Affirmative Defense
**(Lack of Causation)**

Defendants are informed and believe, and on that basis allege, that to the extent that Defendants did not directly or proximately cause or contribute to any damage, loss or injury allegedly sustained by Plaintiffs and/or members of the proposed classes or that Plaintiffs and/or members of the proposed classes seek to recover in this action, the claims of Plaintiffs and/or the members of the proposed classes are barred, in whole or in part.

### Twenty-Second Affirmative Defense
**(Intervening or Superseding Cause)**

Defendants are informed and believe, and on that basis allege, that to the extent that any damage, loss or injury allegedly sustained by Plaintiffs and/or members of the proposed classes was directly or proximately caused by independent intervening and superseding causes, the claims of Plaintiffs and/or the members of the proposed classes are barred, in whole or in part.

### Twenty-Third Affirmative Defense
**(Mitigation of Damages)**

Defendants are informed and believe, and on that basis allege, that to the extent that

Plaintiffs and/or members of the proposed classes failed to mitigate their damages, the claims of

Plaintiffs and/or the members of the proposed classes are barred, in whole or in part.

### Twenty-Fourth Affirmative Defense
**(Speculative Damages)**

Defendants are informed and believe, and on that basis allege, due to the speculative and

uncertain nature of the alleged damages, harm, injury, or loss, the claims of Plaintiffs and/or the

members of the proposed classes are barred, in whole or in part.

### Twenty-Fifth Affirmative Defense
**(Offset)**

Defendants are informed and believe, and on that basis allege, that the First Amended

Complaint and the claim for damages and/or other monetary recovery by Plaintiffs and/or

members of the proposed classes must be offset and reduced by the value received from the

Tom's products that they allegedly purchased.

### Twenty-Sixth Affirmative Defense
**(No Punitive Damages)**

As to the First Amended Complaint and the purported cause of action alleged therein,

although Defendants deny that they committed or re responsible for any act or omission that

could support the recovery of punitive damages in this action, if and to the extent any such act or

omission is found, recovery of such punitive damages against Defendants is unconstitutional

under the constitutions of the United States and applicable state law.  Additionally, any

applicable state law provisions allowing the imposition of punitive damages may be facially

unconstitutional or unconstitutional as applied to the extent that:  (i) they deny equal protection

of the law by providing fewer protections for civil litigants than criminal statutes that provide for

27

the imposition of monetary fines; (ii) they allow for the imposition of an excessive fine; and/or

(iii) they allow for the deprivation of property without due process of law.

## Other Affirmative Defenses

Defendants specifically give notice that they intend to rely upon such other defenses as

may become available by law, or pursuant to statute, or by virtue of any proceedings in this case,

and hereby reserve the right to amend their Answer to assert such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants prays as follows:

1.      That Plaintiffs take nothing by their First Amended Complaint and
that the First Amended Complaint be dismissed with prejudice;

2.      That Defendants be awarded their costs, disbursements and
attorneys' fees; and

3.      For such other relief as the Court deems just and proper.

Dated:  January 27, 2017                    Respectfully submitted,

                                            LATHAM & WATKINS LLP

                                            /s/ Kathleen P. Lally
                                            David Callahan (pro hac vice)
                                            Kathleen P. Lally (pro hac vice)
                                            Kathleen Elsner (pro hac vice)
                                            330 North Wabash Avenue, Suite 2800
                                            Chicago, Illinois  60611
                                            Telephone:  (312) 876-7700
                                            Facsimile:  (312) 993-9767

                                            Blake T. Denton
                                            885 Third Avenue
                                            New York, New York 10022
                                            Telephone: (212) 906-1200
                                            Facsimile: (212) 751-4864

                                            Counsel for Defendants
                                            Colgate Palmolive Co. and Tom's of Maine