USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANNE DE LACOUR, ANDREA WRIGHT, and
LOREE MORAN, individually and on behalf of
all others similarly situated,

                              Plaintiffs,

    v.

COLGATE-PALMOLIVE CO., and TOM'S OF
MAINE, INC.,

                              Defendants.
------------------------------------------------------------X

16-CV-8364 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

    Plaintiffs bring this consumer class action against Defendants Tom's of Maine, Inc. and its parent company, Colgate-Palmolive Co. (collectively, "Defendants" or "Tom's of Maine"), asserting several causes of action related to Defendants' use of the word "natural" on the labels and packages of its products, including deodorants and toothpastes. (Am. Compl. ¶¶ 1, 14, 15, 17, ECF No. 8.) Plaintiffs allege that the Defendants' products are unnatural because they contain "synthetic and highly chemically processed ingredients." (Id. ¶¶ 16, 18, 23.) Accordingly, Plaintiffs claim that Defendants breached an express warranty and violated several state statutes by falsely and misleadingly advertising its products. (Id. ¶¶ 46–132.)

    Plaintiffs now move to certify a nationwide class of consumers who purchased Tom's of Maine products on or after September 24, 2015 in the United States, and three subclasses consisting of members of that class who purchased Tom's of Maine products in California, Florida, and New York, respectively. (Id. ¶¶ 33–36.) For the reasons set forth below, Plaintiffs' motion is denied without prejudice to Plaintiffs refiling with adequate evidence and analysis of: (1) the choice of law considerations for the breach of express warranty claim; (2) material variations in state laws of express warranty, or lack thereof; and (3) the impact of material

1

variations in state laws of express warranty, if any, on a finding that questions of law or fact common to the members of the proposed class predominate over questions affecting only individual members.

## DISCUSSION

### I. Class Certification Requirements Under Rule 23

Federal Rule of Civil Procedure 23 sets forth a two-step process for determining whether a court may certify a case as a class action. *See In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 132-33 (2d Cir. 2001), *overruled on other grounds by In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24 (2d Cir. 2006). The party seeking class certification bears the burden of proving each of the requisite elements of Rule 23 by a preponderance of the evidence. *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010). Failure to prove any of the elements precludes class certification. *Id.*

First, under Rule 23(a), Plaintiffs must show that: (1) the proposed class is so numerous that joinder of all class members is impracticable; (2) there are questions of law or fact common to the class; (3) Plaintiffs' claims or defenses are typical of the claims or defenses of the class; and (4) the Plaintiffs will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Second, Plaintiffs must establish that the proposed class fits within one of the three subsections of Rule 23(b). Here, Plaintiffs rely alternatively on the second and third subsections. Under the second subsection, Plaintiffs must demonstrate that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief . . . is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Under the third subsection, Plaintiffs must show that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class

action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Defendants raise challenging questions about whether Plaintiffs have satisfied Rule 23(a). The Court need not address those arguments, however, because Plaintiffs have failed to meet the requirements of Rule 23(b). *See In re Avon Anti-Aging Skincare Creams & Prod. Mktg. & Sales Practices Litig.*, No. 13-CV-150, 2015 WL 5730022, at *3 (S.D.N.Y. Sept. 30, 2015) (Oetken, J.); *Weiner v. Snapple Beverage Corp.*, No. 07-CV-8742, 2010 WL 3119452, at *5 (S.D.N.Y. Aug. 5, 2010) (Cote, J.).

### A. Class Certification Under Rule 23(b)(2)

This putative class is not suitable for certification under Rule 23(b)(2). Subsection (b)(2) provides a vehicle for broad injunctive or declaratory relief to redress group-wide injury. Claims for individualized monetary damages bar class certification under Rule 23(b)(2) unless they are merely "incidental" to requested declaratory or injunctive relief. *Nationwide Life Ins. Co. v. Haddock*, 460 F. App'x 26, 29 (2d Cir. 2012) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-65 (2011)). Shoehorning a damages action into the Rule 23(b)(2) framework would unfairly deprive class members of the notice and opt-out protections provided to members of (b)(3) damages classes. *Wal-Mart*, 564 U.S. at 362-63.

Here, Plaintiffs have made no effort to demonstrate that monetary damages are incidental the injunctive relief they seek. *See Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 700 (S.D. Fla. 2014). Their claimed injury is economic. The crux of their complaint is that they paid a price premium for Tom's of Maine products because the products were described as "natural." (Am. Compl. ¶¶ 1, 3, 6, 7, 8, 14, 108, 110, 119, 121, 129, 131.) Plaintiffs submitted two expert reports related to price premium calculations in support of their motion to certify this case as a

3

class action—an indication, although not dispositive, that damages figure centrally in the case and involve substantial and complex analyses. (Dennis Decl., ECF No. 65; Weir Decl., ECF No. 66.)[1]

The balance of persuasive case law also presents a standing problem under Rule 23(b)(2). Plaintiffs here are unlikely to buy the products again and may, therefore, lack standing to pursue a forward-looking injunction. *See In re Avon*, 2015 WL 5730022, at *8; *Tomasino v. Estee Lauder Cos. Inc.*, 44 F. Supp. 3d 251, 255–56 (E.D.N.Y. 2014) (Korman, J.); *Elkind v. Revlon Consumer Prods. Corp.*, No. 14-CV-2484, 2015 2015 WL 2344134, at *3 (E.D.N.Y. May 14, 2015) (Seybert, J.). Some district courts, however, have allowed similar claims to go forward because the contrary rule would disallow injunctive relief in most consumer protection cases. *See Ackerman v. Coca–Cola Co.*, 09-CV-395, 2013 WL 7044866, at *15 n. 23 (E.D.N.Y. July 18, 2013) (Levy, M.J.) (report and recommendation) (collecting cases); *see, e.g., Ries v. AriZona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D.Cal. 2012). The Second Circuit has yet to address directly whether a plaintiff, with no claim of probable future injury, may seek an injunction related to product advertising on behalf of a class. *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 444 (E.D.N.Y. 2015) (Weinstein, J.). But the Court need not decide the standing question at this stage because it finds that Plaintiffs have failed to meet their burden to demonstrate that the damages they seek are incidental to their requested declaratory and injunctive relief.

---

[1] Plaintiffs have not moved to certify separate equitable and damages classes, despite including in their briefing on class certification a quotation, presented without context or explanation, from *Sykes v. Mel Harris & Assocs. LLC*, 285 F.R.D. 279, 293 (S.D.N.Y.) (Chin, J.) ("That plaintiffs are seeking substantial monetary damages is of no concern given [that Plaintiffs seek] certification of separate Rule 23(b)(2) and (b)(3) classes addressing equitable relief and damages, respectively."). (Pls.' Br. at 25.)

4

## B. Class Certification Under Rule 23(b)(3)

Subsection (b)(3) allows for class certification where movants seek relief primarily in the form of damages. A class certified under Rule 23(b)(3) must be "sufficiently cohesive to warrant adjudication by representation." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 594, (1997). In reaching this determination, courts consider whether the putative class members "could establish each of the . . . required elements of [their] claim[s] . . . using common evidence." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d at 136. Although a movant need not establish the exclusivity of common questions, it must show at least their predominance. *Weiner*, 2010 WL 3119452, at *5.

Predominance is a particularly thorny condition where, as here, movants seek to certify a nationwide class. Plaintiffs assert a breach of express warranty claim on behalf of every person who purchased Tom's of Maine products in the United States. (Am. Compl. ¶¶ 33, 46–51.)[2] Defendants argue that New York choice of law rules apply and, according to those rules, the substantive law of the state where each class member resides governs that class member's breach of express warranty claim—thus implicating the laws of all fifty states (Defs.' Opp'n. Br. at 20-21.) If Defendants are correct, and if the various state laws differ materially, common questions of law will not predominate.

Several courts have arrived at that conclusion under similar circumstances. *See, e.g.*, *Kaczmarek v. Int'l Bus. Machs. Corp.*, 186 F.R.D. 307, 312-13 (S.D.N.Y. 1999) ("Defendant's counsel presents a lengthy analysis of the diverse laws of the various states and has shown sufficiently that many of the jurisdictions have different standards and elements of proof for the

---

[2] Additional counts in Plaintiffs' complaint assert violations of California, Florida, and New York statutes on behalf of subclasses defined as class members who purchased Tom's of Maine products in those respective states (Am. Compl. ¶¶ 34–36, 52–132.)

5

claims of breach of express and implied warranty. . . [and therefore] [c]ommon questions of law do not predominate in this case."); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002) ("[D]ifferences [in state law] have led us to hold that . . . warranty, fraud or products-liability suits may not proceed as nationwide classes"); *In re GMC Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305, 324 (S.D. Ill. 2007) ("The variations in state law [of warranty] presented by this case defeat predominance and manageability . . . ."). Indeed, "few warranty cases ever have been certified as class actions—let alone as nationwide classes, with the additional choice-of-law problems that complicate such a venture." *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 674 (7th Cir. 2001).

"As with all Rule 23 requirements, the party seeking certification has the ultimate burden to demonstrate that any variations in relevant state laws do not predominate over the similarities." *Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88, 97 (2d Cir. 2018); *see also Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1017 (D.C. Cir. 1986) ("[N]ationwide class action movants must creditably demonstrate, through an 'extensive analysis' of state law variances, 'that class certification does not present insuperable obstacles.'" (quoting *In re Sch. Asbestos Litig.*, 789 F.2d 996, 1010 (3d Cir. 1986))). Courts, in turn, must take a "close look" at those variations before making a predominance determination. *Id.* (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013)).

Here, Plaintiffs have neglected their burden. Plaintiffs have not conducted a choice of law analysis. Plaintiffs have not presented or analyzed any differences in state laws of breach of express warranty. And Plaintiffs have not examined how any material differences in those laws bear on predominance. Plaintiffs acknowledge the issue only in a brief, conclusory footnote (Pls.' Br. at 8, n. 4.) In neglecting their burden, Plaintiffs have impaired the Court's ability to

assess whether common questions of law predominate over individual ones. Plaintiffs' motion for class certification is therefore denied without prejudice to refiling as set forth below.

## CONCLUSION

Plaintiffs' motion for class certification is DENIED. The Court grants Plaintiffs leave to refile a motion for class certification that includes: 1) a choice of law analysis for the breach of express warranty claim; 2) a comprehensive review of the state laws implicated by the breach of express warranty claim; and 3) a discussion of the material variations, if any, among those laws and the impact of any material variations on predominance.

SO ORDERED.

Dated: New York, New York
September 12, 2019

*Kimba M. Wood*

KIMBA M. WOOD
United States District Judge