UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

ANNE DE LACOUR, ANDREA WRIGHT,
and LOREE MORAN individually and on
behalf of all others similarly situated,

                               Plaintiffs,

            -against-

COLGATE-PALMOLIVE CO., and TOM'S
OF MAINE INC.,

                               Defendants.

--------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: August 10, 2021

16-CV-8364 (KMW)

**<u>ORDER</u>**

KIMBA M. WOOD, United States District Judge:

      On April 23, 2021, Plaintiffs' motion for class certification was granted in part and denied in part.  (*See* ECF No. 146 (the "April 23 Opinion").)   On June 25, Defendants filed a motion to stay the litigation, pending resolution of Defendants' petition for permission to appeal the order on class certification.   (ECF No. 152.)   Plaintiffs oppose the motion.   (ECF No. 156.) For the reasons set forth below, Defendants' motion is DENIED.

**DISCUSSION**

      The background of this case is set forth in the April 23 Opinion and need not be repeated. (*See* Apr. 23 Op. at 2-6.)   On April 23, 2021, the Court certified three classes, consisting of consumers of Tom's of Maine deodorant and/or toothpaste products in each of California, Florida, and New York.   (*See id.* at 32.)   Pursuant to that certification order, Plaintiffs have since submitted a proposed notice plan, and the parties have set forth their respective proposals regarding other case management issues, including fact and expert discovery.   (*See* ECF Nos. 149, 150, 155.)

      On May 7, 2021, Defendants filed a petition, pursuant to Federal Rule 23(f), for

permission to appeal the order on class certification.   (*See* Dkt. No. 1, Case No. 21-1234 (the

"Petition").)   The Petition raises two questions, one relating to the preclusive effect of the

settlement agreement in *Gay v. Tom's of Maine, Inc.*, No. 14-CV-60604 (S.D. Fla. July 24, 2015)

(the "*Gay* Settlement"), the other relating to class standing.   (*See* Defs. Mem. at 3, ECF No.

153.)

Because a decision by the Second Circuit may affect the scope of this litigation going

forward, Defendants also filed a motion, on June 25, 2021, to stay the litigation in this Court,

pending the Second Circuit's resolution of the Petition.   (*See id.* at 4.)   Plaintiffs filed an

opposition on July 9.   Defendants did not file a reply.

When considering whether to issue a stay, courts consider four factors: (1) whether the

stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether

the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

substantially injure the other parties interested in the proceeding; and (4) where the public

interest lies.   *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citing *Hilton v. Braunskill*, 481 U.S.

770, 776 (1987)); *see Struogo v. Barclays PLC*, 194 F. Supp. 230, 232 (S.D.N.Y. 2016)

(Marrero, J.) (considering these factors in connection with a motion to stay, pending resolution of

a Rule 23(f) petition); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 571 (S.D.N.Y. 2014)

(Rakoff, J.) (same).   The first two factors are the most important.   *See Nken*, 556 U.S. at 434.[1]

With respect to the first factor, Defendants' motion does not address the likelihood that

---

[1]  Defendants set forth a different standard but, as their own citations demonstrate, that test has been applied
when courts determine "whether to enter a stay pending an appeal *in a related case*."   *Est. of Heiser v.
Deutsche Bank Tr. Co. Americas*, 2012 WL 2865485, at *3 (S.D.N.Y. July 10, 2012) (Dolinger, M.J.), *aff'd*,
2012 WL 5039065 (S.D.N.Y. Oct. 17, 2012) (Nathan, J.) (emphasis added).   Nevertheless, the Court considers
Defendants' arguments as they apply to the factors set forth in *Nken*.

the Second Circuit will grant the Petition, which remains pending.   *See In re Sumitomo Copper Litig.*, 262 F.3d 134, 140 (2d Cir. 2001) ("[T]he standards of Rule 23(f) will rarely be met.").   In addition, Defendants have not made an adequate showing that they ultimately will succeed on the merits.   As Plaintiffs point out, Defendants make two arguments—in their Petition, but not in the instant motion—challenging the April 23 Opinion.   First, Defendants argue that the *Gay* Settlement bars Plaintiffs from litigating their claims.   As the Court determined, however, Plaintiffs' present claims do not share an "identical factual predicate" with the claims at issue in *Gay*, and Defendants have not made the requisite showing that such a "unique defense" is applicable to the named Plaintiffs.   (*See* Opp'n at 7-8; Apr. 23 Op. at 16-17.)   Second, Defendants argue that Plaintiffs do not have class standing to represent purchasers of toothpaste, because the alleged misrepresentations on Tom's of Maine toothpaste products do not implicate "the same set of concerns" as the corresponding representations on deodorant products.   As the Court determined, however, the fact that there are differences in the ingredients that make up toothpaste and deodorant is not dispositive, because (among other factors) the alleged misrepresentation that Defendants' products are "natural" is the same across all products at issue, and those statements were made by the same defendants.   (*See* Opp'n at 8-10; Apr. 23 Op. at 8-11.)   Accordingly, this factor weighs against granting a stay.

With respect to the second factor, Defendants do not allege that they will suffer irreparable harm if a stay is not granted.   Defendants do raise a reasonable concern that, absent a stay, both parties will undertake significant discovery costs that may—depending on the Second Circuit's resolution of the Petition—be rendered moot.   (*See* Mot. at 6.)   Litigation costs, however, do not constitute irreparable harm.   *See In re Bogdanovich*, 2000 WL 1708163, at *6 (S.D.N.Y. Nov. 14, 2000) (Koeltl, J.) (quoting *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974)) ("[I]t is well established that '[m]ere litigation expense, even substantial

and unrecoupable cost, does not constitute irreparable injury.").   As a result, this factor weighs against granting a stay.

As for the third and fourth factors, neither weighs heavily in either direction.   As Defendants point out, any stay may not be particularly lengthy, and each individual class member seeks only modest individual damages.   (Mot. at 6.)   But, as Plaintiffs correctly assert, it is nevertheless in the consumers' interests and the public interest to resolve the claims at issue efficiently and, if damages are owed, to compensate consumers for any losses they may have suffered.   (Opp'n at 10-11.)

In sum, because the first two factors—which are the most critical—weigh against granting a stay, and because the third and fourth factors do not significantly impact the Court's analysis, Defendants' motion is denied.

As noted above, Plaintiffs have submitted a proposed notice plan, and the parties each have made proposals regarding case management.   Because a stay will not be issued, these submissions will be addressed in separate, forthcoming orders.

## CONCLUSION

For the reasons set forth above, Defendants' motion to stay is DENIED.   The Clerk of Court is respectfully directed to terminate the motion at ECF No. 152.


SO ORDERED.

Dated: New York, New York
          August 10, 2021                          _____/s/ Kimba M. Wood_____
                                                                KIMBA M. WOOD
                                                        United States District Judge