# EXHIBIT 30

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNE DE LACOUR, ANDREA WRIGHT, and LOREE MORAN individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>COLGATE-PALMOLIVE CO., and TOM'S OF MAINE INC.<br><br>                Defendants. | Civil Action No. 1:16-cv-08364<br><br>**PLAINTIFF LOREE MORAN'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTY:   Colgate-Palmolive Co., Tom's of Maine Inc.

RESPONDING PARTIES:   Plaintiff Loree Moran

SET NUMBER:               One

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules") and the applicable local rules, Plaintiff Loree Moran, through her undersigned counsel, hereby responds and objects to Defendants Colgate-Palmolive Co. and Tom's of Maine Inc.'s Requests for Admission, Set No. One, dated October 2, 2017 (the "Requests"), as follows:

## PRELIMINARY STATEMENT

Preliminarily, it should be noted that Plaintiff has not completed her investigation of the facts relating to this case, has not completed discovery in this action and has not completed preparation necessary for trial. All of the answers contained herein are based only on such information and documents that are presently available to and specifically known to Plaintiff. It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts, add meaning to the known facts, and establish entirely new factual

1

and legal conclusions. All of these may lead to substantial additions to, modifications of, and variations from the information set forth herein. The following responses are given without prejudice to Plaintiff's right to produce evidence of subsequently discovered facts that Plaintiff may recall or learn at a later date. Plaintiff accordingly reserves the right to change all answers herein as additional facts are ascertained, analysis is made, and legal research is completed.

## GENERAL OBJECTIONS

Plaintiff incorporates by reference the following general objections and responses to each of the requests for admission, whether or not stated as a specific objection to each request.

1. Plaintiff generally objects to the requests for admission on the grounds that the requests, individually and taken as a whole, are overly broad, unduly burdensome, oppressive, and seek to impose broader response obligations on Plaintiff than those imposed by the Federal Rules of Civil Procedure.

2. Plaintiff further objects to the requests for admission on the ground and to the extent they seek information that is not relevant to the subject matter of this action or not proportional to the needs of the case.

3. Plaintiff objects to the requests for admission on the ground and to the extent they call for legal conclusions.

4. Plaintiff objects to the requests for admission on the ground that they call for disclosure of communications that are protected by the attorney-client privilege, the attorney work product privilege, or any other applicable privilege.

5. Plaintiff generally objects to the requests to the extent they seek admissions regarding information outside the scope of Fed. R. Civ. P. Rule 36(a)(1).

## RESPONSE TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Plaintiff purchased one or more of Tom's Products before September 24, 2015.

**RESPONSE:**

Subject to and without waiver of the general objections, Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 2:**

Admit that on or after September 24, 2015, Plaintiff has only purchased Tom's Refreshing Lemongrass deodorant.

**RESPONSE:**

Subject to and without waiver of the general objections, Plaintiff responds: Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Plaintiff was a member of the settlement class in Gay v. Tom's of Maine, Case No. 14-cv-60604-KMM (S.D. Fl. March 2014).

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Plaintiff received compensation from the settlement in Gay v. Tom's of Maine, Case No. 14-cv-60604-KMM (S.D. Fl. March 14, 2014).

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within

Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 5:**

Admit that each package of Tom's Products purchased by Plaintiff on or after September 24, 2015 included language directing consumers to "[l]earn more about our Stewardship Model and what we mean by 'natural' at www.tomsofmaine.com."

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 6:**

Admit that some members of the Class purchased Tom's Products because they are made with sustainable sources.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 7:**

Admit that some members of the Class purchased Tom's Products because they are more natural than other cosmetics and personal care products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within

Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 8:**

Admit that some members of the Class purchased Tom's Products because they are more effective than other cosmetics and personal care products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 9:**

Admit that some members of the Class purchased Tom's Products because they were recommended by friends or family.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Plaintiff purchased cosmetics and personal care products that were not advertised, marketed, labeled, and/or packaged as "natural."

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within

Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Plaintiff used coupons to purchase Tom's Products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 12:**

Admit that members of the Class may have used coupons to purchase Tom's Products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Plaintiff purchased Tom's Products when they were on sale.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 14:**

Admit that members of the Class may have purchased Tom's Products when they were on sale.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 15:**

Admit that according to the FDA, there is no established standard for "natural" in cosmetics and personal care products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Plaintiff does not recall what specific representation she read on Tom's packaging or advertising before deciding to purchase Tom's Products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that members of the Class may have relied on different representations on Tom's packaging than Plaintiff allegedly did before deciding to purchase Tom's Products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 18:**

Admit that members of the Class may have a different interpretation of the meaning of "natural" with respect to Tom's Products than Plaintiff has.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 19:**

Admit that there is more than one way to interpret what "natural" means with respect to cosmetics and personal care products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Plaintiff and her counsel have no evidence indicating that all members of the Class read the same representations on Tom's packaging as Plaintiff allegedly did before deciding to purchase Tom's Products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Plaintiff and her counsel have no evidence indicating that all members of the Class relied on the same representations on Tom's packaging as Plaintiff allegedly did before deciding to purchase Tom's Products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Plaintiff and her counsel have no evidence indicating that all members of the Class read the same representations in Tom's advertising as Plaintiff allegedly did before deciding to purchase Tom's Products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 23:**

Admit that Plaintiff and her counsel have no evidence indicating that all members of the Class relied on the same representations in Tom's advertising as Plaintiff allegedly did before deciding to purchase Tom's Products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Plaintiff and her counsel have no evidence indicating that all members of the Class interpreted the meaning of "natural" the same way that Plaintiff allegedly did.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Plaintiff does not intend to purchase Tom's Products in the future.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Admit.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Plaintiff did not purchase Tom's Products directly from Defendants.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Admit.

**REQUEST FOR ADMISSION NO. 27:**

Admit that members of the Class may not have purchased Tom's Products from Defendants.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Admit.

**REQUEST FOR ADMISSION NO. 28:**

Admit that members of the Class may have purchased Tom's Products from retailers.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Admit.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Defendants do not determine the retail price of Tom's Products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within

Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Plaintiff is not aware of any facts supporting any allegation that Defendants determine the retail price of Tom's Products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 31:**

Admit that members of the Class purchased Tom's Products through distribution channels different from the distribution channels through which Plaintiff purchased Tom's Products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 32:**

Admit that members of the Class purchased Tom's Products in geographic locations different from the geographic locations in which Plaintiff purchased Tom's Products.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Admit.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Plaintiff lacks information regarding the price she paid for all of her Tom's Product purchases.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the price Plaintiff paid for Tom's Products varied depending on the location of purchase.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 35:**

Admit that the price Plaintiff paid for Tom's Products varied depending on the date of purchase.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Plaintiff cannot admit or deny because the information known to Plaintiff is insufficient to enable Plaintiff to answer.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the primary relief requested in the First Amended Complaint is monetary damages.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 37:**

Admit that Plaintiff does not seek primarily injunctive relief in the First Amended Complaint.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Deny.

**REQUEST FOR ADMISSION NO. 38:**

Admit that injunctive relief would not compensate Plaintiff or the Class for alleged past injuries.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Admit.

**REQUEST FOR ADMISSION NO. 39:**

Admit that in the First Amended Complaint, Plaintiff seeks to recover compensation for Plaintiff and the Class for alleged past injuries.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Admit.

**REQUEST FOR ADMISSION NO. 40:**

Admit that members of the Class would not be entitled to seek declaratory or injunctive relief if they do not intend to purchase Tom's Products in the future.

**RESPONSE:**

Plaintiff objects to the request to the extent it: i) is overly broad and unduly burdensome; ii) calls for a legal conclusion; and iii) calls for the disclosure of information not within Plaintiff's personal knowledge. Subject to and without waiver of the foregoing objections, Plaintiff responds: Deny.

Dated: November 8, 2017								Respectfully Submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Neal J. Deckant*

Scott A. Bursor
Joshua D. Arisohn
Neal J. Deckant
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail:  scott@bursor.com
             jarisohn@bursor.com
             ndeckant@bursor.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

  I, Sarah N. Westcot, certify that on the 8th day of November, 2017, I caused a copy of the foregoing Plaintiff Loree Moran's Responses to Defendants' First Set of Requests for Admission to be served by electronic mail upon all counsel of record.

                 */s/Sarah N. Westcot*
                  Sarah N. Westcot